598 A.2d 961

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Richard MARCH, Appellee.**

Supreme Court of Pennsylvania.

Submitted March 4, 1991.

Decided July 26, 1991.

Reargument Denied Dec. 2, 1991.

Timothy P. Creany, Dist. Atty. and James A. Nelson, Chief Deputy Dist. Atty., Appellate Div., Ebensburg, for appellant.

Dennis J. Clark, (court-appointed), Plunkett & Cooney, Detroit, Mich., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

McDERMOTT, Justice.

The appellee, Richard March, was convicted of first degree murder[1] and criminal conspiracy[2] following a jury trial in the Court of Common Pleas of Cambria County. The convictions arose from a dispute with the victim, Craig Mickens, at Rod's Pub on March 28, 1980. A scuffle between the appellee, his brother Mark, and Craig Mickens, ensued, and a shot was fired. The appellee and his brother were observed pulling guns when they left the bar and they were near the victim at the time of the shooting. The victim subsequently died from the bullet wound. Post trial motions were filed and denied, and the appellee was sentenced to life imprisonment on the first degree murder charge, and a concurrent period of incarceration of from five to ten years on his criminal conspiracy conviction. He appealed his judgment of sentence to the Superior Court which affirmed,[3] and this Court denied his Petition for Allowance of Appeal.

Subsequent to our denial of his petition, appellee, through present counsel, filed a Petition under the Post Conviction

1. 18 Pa.C.S. § 2501.
2. 18 Pa.C.S. § 903.
3. *See Commonwealth v. March,* 308 Pa.Super. 343, 454 A.2d 567 (1982).

Hearing Act (P.C.H.A.)[4] on November 12, 1985. By Order and Opinion dated September 16, 1987, the court denied appellee relief and he appealed to the Superior Court. The Superior Court agreed with appellee's claim that trial counsel was ineffective in failing to pursue an intoxication defense and reversed the Order of the Court of Common Pleas. The Superior Court then remanded the case for a new trial. The Commonwealth filed a Petition for Allowance of Appeal with this Court, which we granted.

The sole issue in this appeal is whether the Superior Court applied the proper test in assessing the effectiveness of trial counsel. We hold that the Superior Court did not, and therefore reverse.

The Commonwealth argues that trial counsel was not ineffective in failing to pursue the defense of voluntary intoxication because, at the time of trial, the available facts did not indicate it to be a viable defense. Additionally, the Commonwealth asserts that the Superior Court did not give proper deference to the determinations made by the P.C.H.A. court.

In response, appellee contends that there was sufficient evidence available to trial counsel concerning intoxication, and that this evidence would have reduced his first degree murder conviction to murder in the third degree.

As this Court recently stated, the test for determining whether trial counsel was ineffective is as follows:

First we must determine whether the underlying claim is of arguable merit. *Commonwealth v. Evans*, 489 Pa. 85, 413 A.2d 1025 (1980). If the claim is devoid of merit, our inquiry ceases for counsel will not be deemed ineffective for failing to pursue a meritless issue. *Commonwealth v. Nelson*, 514 Pa. 262, 523 A.2d 728 (1987). If, however, the claim possesses merit, we must then determine whether the course of action chosen by counsel had some reasonable basis designed to effectuate his client's inter-

4. The Post Conviction Hearing Act has been modified in part, repealed in part, and renamed the Post Conviction Relief Act. Act of April 13, 1988, P.L. 336, No. 47, § 3 as amended. 42 Pa.C.S. §§ 9541–51.

ests. *Commonwealth v. Hentosh,* 520 Pa. 325, 554 A.2d 20 (1989). Finally, appellant must demonstrate how the ineffectiveness prejudiced him. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

*Commonwealth v. Tressler,* 526 Pa. 139, 142–143, 584 A.2d 930, 931–932 (1990). The mere allegations by the appellee that counsel was ineffective will not sustain a decision in his favor. As this Court has stated:

> In conducting this analysis it is important to bear in mind that allegations of the deprivation of the right to effective representation of counsel are not self-sustaining. The burden of proof of the allegations remains with the claimant, their accuracy still to be established by his submission of relevant proofs.

*Commonwealth v. Hentosh,* 520 Pa. 325, 334, 554 A.2d 20, 24 (1989). (Citations Omitted).

The mitigating defense [5] of voluntary intoxication is recognized in the Crimes Code [6], and provides:

> [E]vidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to reduce murder from a higher degree to a lower degree of murder.

18 Pa.C.S. § 308. Furthermore, this evidence is only admissible if it is offered as proof of defendant's intoxication at the time of the homicide. *Commonwealth v. Kichline,* 468 Pa. 265, 284–285, 361 A.2d 282, 292–293 (1976).

The evidence before the hearing judge consisted of the following: a citation for public drunkenness and disorderly conduct dated February 20, 1980; the testimony of the appellee's father at the bail hearing concerning appellee's drinking problem; and a psychiatrist's report stating that the appellee reported he had been drinking heavily.

In discussing this evidence, the P.C.H.A. Court stated:

5. Unlike a justification defense, *e.g.,* self-defense, a mitigating defense cannot excuse the act, but can operate to lessen the degree of culpability.

6. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 101 *et seq.*

Attorney Michael L. Stibich testified that between the time the [appellee] was released on bond—May 21, 1980—and the date of the trial—September, 1980—he met with [appellee] and his father at least a dozen instances. He indicated he did not feel there was an intoxication defense when preparing for the trial because at no time prior to trial was he made aware of the degree of intoxication. Attorney Stibich testified that counsel encountered difficulties in communicating with Richard March in 1980—an obstacle which would impair counsel's ability to prepare and present any defenses. Attorney James A. Stratton testified that no information was provided to him which indicated that intoxication was a viable defense. His testimony also indicates that no one told him that Richard March had a drinking problem, nor did counsel suspect it. The February 20, 1980 citation for public drunkenness and disorderly conduct and the bail hearing testimony of Richard March's father do not indicate that [appellee] was intoxicated to such a degree at the time of the offense to justify reduction of the charge to murder in the third degree. The report of [the psychiatrist] would not have influenced counsel to present an intoxication defense at trial because it indicated that the psychiatrist questioned the truthfulness of the [appellee's] statements.

P.C.H.A. op. at 5–6. Reviewing this evidence, it is clear that the appellee did not sustain his burden under *Hentosh* to demonstrate prejudice, and as demonstrated under *Kichline,* this evidence alone could not have been an adequate basis upon which to justify a charge to the jury. Thus, the P.C.H.A. court was correct in finding that the evidence available was not sufficient to warrant the raising of the defense of voluntary intoxication.

It should be noted that the Superior Court, in its analysis, merely stated that the evidence presented by the appellee should have alerted defense counsel to have investigated the possibility of a voluntary intoxication defense. The court's analysis ended with that conclusion and did not examine the question of prejudice. Superior Court memo-

randum op. at 5–6. This analysis was contrary to the standard we set forth in *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). We caution the Superior Court that there must always be a separate finding of prejudice in order to have a uniform and consistent application of the test.

Accordingly, the order of the Superior Court is reversed and the order of the Court of Common Pleas of Cambria County is reinstated.

LARSEN and ZAPPALA, JJ., concur in the result.