**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Jeffrey Mario ROSENDARY,[1]**
**Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 2003.
Filed Feb. 24, 2003.

1. We have corrected the spelling of appellant's name in the caption.

Sue A. Pfadt, Erie, for appellant.

Bradley H. Foulk, Asst. Dist. Atty., Erie, for Com., appellee.

BEFORE: GRACI, CAVANAUGH, JJ. and McEWEN, P.J.E.

OPINION BY CAVANAUGH, J.:

¶ 1 Jeffrey Mario Rosendary appeals from the judgment of sentence of from six months to two years imprisonment imposed after he was convicted by a jury of resisting arrest. His only claims on direct appeal raise allegations of trial counsel's ineffectiveness. There was no hearing conducted on those claims before the trial court. Our supreme court in *Commonwealth v. Grant*, —— Pa. ——, 813 A.2d 726 (2002), recently set forth a new general rule providing that parties "should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id.* at 738. While the new rule does not appear to absolutely prohibit raising a claim of trial counsel's ineffectiveness on direct appeal, particularly where counsel's ineffectiveness might be apparent and establishable from the existing record, *see id.*, at 738 n. 14, under the circumstances of the present case, where counsel's ineffectiveness is not apparent of record, where no evidentiary hearing on counsel's effectiveness has yet been conducted and where our review of counsel's stewardship would require consideration of "extra-record" facts, we conclude that the allegations must be dismissed. Accordingly, applying the new rule to the instant case, we affirm the judgment of sentence and dismiss the claims regarding trial counsel's ineffectiveness without prejudice to raise them in a subsequent proceeding under the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546. *Id.*, at 739.

¶ 2 The facts show that on August 4, 2001, responding to a report of domestic violence by appellant against his long-term paramour, Mandy L. Rekitt, at least six Erie police officers confronted appellant on the steps of his mother's home at 310 Sassafras Street at approximately 5:30 a.m. Appellant had just arrived at his mother's home after having had an argument with Ms. Rekitt at her home some six blocks away.

¶ 3 Two officers initially approached appellant on the porch and spoke to appellant in a calm tone, asking permission to speak

with him. Appellant ignored the question and began knocking on the door and ringing the doorbell to his mother's home. Appellant's mother did not immediately answer the door and a conversation between appellant and the police ensued which lasted between two to five minutes. Conflicting versions of what happened next were presented at trial.

¶ 4 The Commonwealth presented evidence that appellant was told he was being arrested on a domestic violence complaint; that when appellant's mother eventually opened the door, appellant attempted to run inside. The officers then grabbed him but appellant actively resisted arrest, such that six officers were required to subdue him and in the process, appellant was punched three times by one of the officers in the small of the back.

¶ 5 Appellant maintained he was not told he was under arrest. He asked the officers, "What did I do?" He was told, " you didn't do anything, we just want to talk to you." Appellant's mother then opened the door and appellant took one step toward the threshold. As he did so, the officers grabbed him, dragged him off the porch, slammed him into the cement walkway, kicked him and punched him in the face.

¶ 6 Appellant was arrested and taken to the police station where pictures were taken of his condition. These pictures apparently showed some lacerations on appellant's hands and some minor bruising about his face and back. Subsequently, appellant was taken to the county jail but was reportedly not immediately processed due to his injuries. Rather, appellant was taken to a hospital emergency room where numerous x-rays were taken. Several hours later he was returned to the county jail and imprisoned.

¶ 7 At trial, appellant's defense was that he did not resist arrest but was himself the victim of police brutality. The only evidence presented by the defense in its case-in-chief was the testimony of appellant and his mother. The jury, after approximately five hours of deliberation, acquitted appellant of disorderly conduct, but convicted him of resisting arrest. He was sentenced on February 14, 2002. No post-sentence motions were filed but appellant filed a *pro se* notice of appeal from the judgment of sentence on March 8, 2002. His subsequent petition for leave to proceed *in forma pauperis* was granted, counsel was appointed and a Rule 1925(b) statement of matters complained of on appeal was filed which stated as follows:

> Trial counsel was ineffective for failing to present as evidence the hospital records to substantiate Defendant's claim that he was beaten by the police. Without the records, there was nothing other than Defendant's and his mother's testimony to establish he was injured and to refute the photograph taken by the police when Defendant was booked showing little injury. Trial counsel was also ineffective for failing to argue to the jury that bruising would not necessarily be present right after the injury or calling as a witness the person at the county jail who would not admit Defendant until he was seen at the hospital. Without this evidence, the jury believed Defendant was lying about being beaten. The evidence would have shown the seriousness of Defendant's injuries and supported Defendant's claim, thus affecting the outcome of the trial.

¶ 8 The trial court's Rule 1925(a) opinion suggested that appellant's claim regarding counsel's failure to call the witness who could have allegedly substantiated appellant's need for treatment prior to admission into the county jail lacked merit because there was no identification of the potential witness's name nor did appellant include an affidavit from that witness stat-

ing that he or she would have, in fact, testified. With respect to trial counsel's alleged ineffectiveness for failure to obtain and present the medical records relating to appellant's post-arrest emergency room treatment, the court concluded that it was "unable to determine what the medical records contained, or if they even exist, based on the information of record." The court concluded that superior court should remand the matter for an evidentiary hearing "to determine the *sole* issue of exactly what medical records, if any, were available to the Appellant to determine whether or not Appellant's trial counsel had a reasonable basis for not introducing such evidence."

¶ 9 In the present appeal from the judgment of sentence, appellant raises the same claims of counsel's ineffectiveness which were raised in the concise statement presented to the trial court. Under the law of Pennsylvania prior to the recent *Grant* decision, we might have been inclined to remand for an evidentiary hearing to determine the issue(s) regarding trial counsel's effectiveness. However, in *Grant,* our supreme court disapproved of such practice under similar circumstances. Therein, appellant argued on direct appeal that:

> trial counsel was ineffective for failing to call two witnesses. The Superior Court dismissed both of these claims for lack of adequate development. [On *allocatur* review], Appellant argues that the Superior Court action was improper. According to Appellant, the procedural rules prescribed by this court require an appellant to confine his issues raised on appeal to those contained in the record. Thus, the rules prevented Appellant from supplementing the record on appeal and rendered him incapable of providing concrete evidence, through reports or documents, regarding the alleged ineffectiveness. Thus, Appellant

concludes that rather than dismissing the claims for inadequate development, the Superior Court should have remanded the claims to the trial court in order to give him the opportunity to fully develop his claims.

*Grant, supra,* at 731–32.

¶ 10 The supreme court disagreed and set forth a new rule which provides that, generally, claims of trial counsel's ineffectiveness should not be raised until the time of collateral review. The court concluded that "deferring review of trial counsel ineffectiveness claims until the collateral review stage of the proceedings offers a petitioner the best avenue to effect his Sixth Amendment right to counsel." *Id.,* at 738. Central to the court's analysis was that the prior "unbending" rule which provided that, in order to defeat waiver, a claim of ineffectiveness must be presented at the first procedural opportunity after which the defendant is no longer represented by allegedly ineffective counsel was fraught with a "myriad of impracticalities." *Commonwealth v. Grant,* 813 A.2d at 726. Not the least of these was that new appellate counsel, under a thirty-day deadline to file an appeal from a judgment of sentence, had little time to investigate or adequately present claims of trial counsel's ineffectiveness as such claims frequently and necessarily required counsel's presentation of "extra-record" facts. *Id.,* at 736. Moreover, our supreme court opined that Pennsylvania appellate courts had to necessarily engage in some fact-finding and consideration of evidence not of record in assessing such claims. *Id.,* at 734. The court noted that "many of these [ineffectiveness] claims are based on omissions, which, by their very nature, do not appear of record and thus, require further fact-finding, extra-record investigation and where necessary, an evidentiary hearing." *Id.* at 736.

¶ 11 Thus, the court reversed the long-standing precedent of the former rule as announced in *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975) and *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977), requiring that ineffectiveness claims be raised at their earliest opportunity. The court set forth the new rule which provides that a claim of trial counsel's ineffectiveness will no longer be waived simply because counsel raising the claim is not trial counsel's immediate successor. *Id.*, at 738. Rather, the court concluded that a party should wait to raise a claim of ineffective assistance of trial counsel until the time of collateral review. *Id.*[2]

¶ 12 Here, the concerns regarding extra-record claims and accompanying impracticalities of proof which led to the court's replacement of the old rule exist. Appellant claims that trial counsel should have presented, but did not, the testimony of an unnamed witness. Appellant claims that trial counsel should have introduced into evidence, but did not, a medical record which would have substantiated the severity of appellant's injuries. Appellant claims that trial counsel should have argued, but did not, that bruises from a beating sometimes do not show up until hours after the trauma has occurred. None of these claims reveal a clear record showing of counsel's ineffectiveness. Rather, all these claims require an evidentiary hearing to consider documentary and testimonial evidence not currently of record.

¶ 13 The supreme court concluded in *Grant* that:

...[T]he new rule we announce today will apply to the instant case as well as those cases currently pending on direct appeal where issues of ineffectiveness have been properly raised and preserved.

Applying the new rule to the instant case, the claims regarding trial counsel's ineffectiveness will be dismissed without prejudice. Appellant can raise these claims in addition to other claims of ineffectiveness in a first PCRA petition and at that time the PCRA court will be in a position to ensure that Appellant receives an evidentiary hearing on his claims, if necessary. Accordingly, consistent with our holding today, the order of the Superior Court, affirming Appellant's judgment of sentence is affirmed. *Id.*, at 739.

¶ 14 The judgment of sentence is affirmed without prejudice to appellant to raise whatever claims of trial counsel's in-

---

**2.** We reiterate that it does not appear that the rule is absolute:

[T]he rule announced today is limited by the issues raised in this case. Appellant does not raise an allegation that there has been a complete or constructive denial of counsel or that counsel has breached his or her duty of loyalty. Under those limited circumstances, this court may choose to create an exception to the general rule and review those claims on direct appeal. However, as there is no issue raising such a question in this case, such consideration is more appropriately left to another day.

*Id.*, at 738, n. 14. We would additionally note that the new rule leaves open the issue regarding the propriety of raising a claim on direct appeal of trial counsel's ineffectiveness which is apparent of record. Although trial counsel's effectiveness is, of course, presumed, where counsel's ineffectiveness is established by the existing record, it would appear that the new rule would not prohibit this court from reviewing and determining the issue on direct appeal, if raised. Indeed, the supreme court stated in *Grant* that although "parties may rely on the old rule[,]" retroactive application of the new rule will best serve both parties because defendants "will no longer be compelled to raise ineffectiveness claims on an undeveloped record[.]" *Id.*, at 739.

effectiveness he deems meritorious on a subsequent PCRA petition.

¶ 15 Judgment of sentence affirmed.

¶ 16 Judge GRACI files a concurring opinion.

CONCURRING OPINION BY GRACI, J.:

¶ 1 I concur in the result.

¶ 2 I agree with the majority that Appellant's judgment of sentence should be affirmed and that his claims of ineffective assistance of trial counsel, raised for the first time on appeal, must be dismissed without prejudice to Appellant's right to raise them in a PCRA petition as directed by our Supreme Court in *Commonwealth v. Grant*, —— Pa. ——, 813 A.2d 726 (2002). As the majority notes, Majority Op. at 530, *Grant* is applicable to this case. *Id.* at 738–39. I would go no further.

¶ 3 While I do not disagree with the majority's general explanation of *Grant*, I do not agree with sentiments expressed *in dicta* in its second footnote. Majority Op. at 530 n. 2. Different from the majority, I believe that presently the rule announced in *Grant* is absolute.

¶ 4 In *Grant*, the Supreme Court identified two "limited circumstances" where "[that] court may choose to create an exception to the general rule [which it had just announced] and review those claims on direct appeal." *Grant*, 813 A.2d at 738 n. 14. Those "limited circumstances" were specifically identified as involving "an allegation [1] that there has been a complete or constructive denial of counsel or [2] that counsel has breached his or her duty of loyalty." *Id.* The Supreme Court reserved unto itself the choice to create exceptions to the general rule it announced. It did not grant this Court any license to create any exceptions to its general rule.

As an intermediate appellate court, it is our role to effectuate the decisional law of the Supreme Court. *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382, 386 (1985). If these or any exceptions to the general rule are to be created, they are for the Supreme Court and that Court alone.

¶ 5 I am also concerned with the majority's statement that "the new rule [announced in *Grant*] leaves open the issue regarding the propriety of raising a claim on direct appeal of trial counsel's ineffectiveness which is apparent of record" suggesting that "where counsel's ineffectiveness is established by the existing record, it would appear that the new rule would not prohibit this court from reviewing and determining the issue on direct appeal, if raised." Majority Op. at 530 n. 2. The majority's statement implies that there are some claims of ineffective assistance of trial counsel that can be resolved when raised for the first time on appeal. Such a conclusion is directly at odds with the rule announced in *Grant*. *Grant* does not admit of any such exception. I believe that the Court considered such an exception but rejected it. I draw this conclusion from the fact that the *Grant* Court, in cataloging the cases from the federal courts and the other states, observed that some of them had such an exception. *Grant*, 813 A.2d at 736 nn. 12–13. Those courts also recognized exceptions under certain exceptional circumstances characterized by *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) (discussing actual or constructive denial of counsel), and *United States v. Gambino*, 788 F.2d 938 (3rd Cir.1986) (discussing actual conflicts of interest that are clear on the record). *Grant*, 813 A.2d at 735. Though the Court later would suggest two possible limited exceptions to the general rule it announced, *id.* at 738 n. 14,

it did not mention the exception suggested by the majority.

¶ 6 Moreover, in reaching the conclusion to abandon the prior rule, the Court said "even presuming the merit of the claim is apparent on the existing record, oftentimes, demonstrating trial counsel's ineffectiveness will involve facts that will not be available on the record." *Grant,* 813 A.2d at 737. In making this statement, I cannot believe that the Court was allowing this Court to attempt to resolve claims we thought were apparent on the existing record. It seemed to imply the exact opposite.

¶ 7 *Grant* provides no exception for claims that may be resolved, either for or against an appellant, based on the record forwarded to the appellate court on direct appeal.[3] The Supreme Court has yet to announce any exceptions to the rule it announced in *Grant.*

¶ 8 If, as the majority implies, there are some claims of ineffective assistance of trial counsel that may be resolved on direct appeal, then new counsel representing an appellant on direct appeal will be required to raise every such arguable claim on direct appeal, *Grant* notwithstanding. Otherwise, when a claim of trial counsel's ineffectiveness is raised for the first time in a PCRA petition it will be subject to a legitimate waiver argument for dismissal since "the petitioner could have raised it but failed to do so ... on appeal..." 42 Pa.C.S.A. § 9544(b). The PCRA courts in the first instance, and this Court on appeal, will then be required to determine if "trial counsel's ineffectiveness [was]apparent of record." PCRA counsel in every instance will again be required to layer the ineffective assistance of appellate counsel in order to avoid any possible PCRA waiver claim. That is exactly the situation which *Grant* intended to eliminate. *Grant,* 813 A.2d at 739. We will have turned a rule that was intended to curb such litigation into one that spawns it. We avoid such a result by applying what I believe is the clear dictate of *Grant:* dismiss claims of ineffective assistance of trial counsel that are raised for the first time on direct appeal.[4]

**3.** Of course, if an appellant obtained new counsel after verdict, new counsel could seek a new trial based on the ineffective assistance of trial counsel in a timely-filed post-sentence motion under Pennsylvania Rule of Criminal Procedure 720(B)(1)(a)(iv). Pa.R.Crim.P. 720(B)(1)(a)(iv). The trial court would then have to determine if a hearing was required or if the claim could be resolved on the existing record. Pa.R.Crim.P. 720(B)(2)(b). Thereafter, the trial court could resolve the ineffectiveness claim in the time frame established by the rule. Pa.R.Crim.P. 720(B)(3). If that issue was then raised on direct appeal, this court could resolve it. That situation is different from the one governed by *Grant* where the issue of trial counsel's ineffectiveness was not raised in a timely post-sentence motion but was, instead, raised for the first time on appeal. *Grant* simply has no application where the issue was properly raised and decided by the trial court before the direct appeal process started. I note in this regard that while *Grant* specified that there would be

no claim of waiver under the PCRA where new appellate counsel did not raise trial counsel's ineffective assistance for the first time on direct appeal, *id.,* at 738, the same may not be true if new counsel represented the defendant at a time when he or she could have raised and preserved this issue in a post-sentence motion. *See* Pa.R.Crim.P. 720 *Comment* (MISCELLANEOUS). Like many of the implications of *Grant.* resolution of that situation must await another day.

**4.** I view *Grant* as a natural and logical extension of the body of case law developed by the Supreme Court over the last several years in which the "Court has consistently, repeatedly and unequivocally recognized ... the exclusivity of the PCRA in the arena in which it operates." *Commonwealth v. Eller,* 569 Pa. 622, 807 A.2d 838, 842 (2002), *citing Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564, 570 (1999). Clearly claims of ineffectiveness of trial counsel are recognized under the

¶ 9 Accordingly, I join the opinion to the extent it affirms Appellant's judgment of sentence. Since the majority properly applies the rule of *Grant* as I understand it, I concur in the result.

PCRA. 42 Pa.C.S.A § 9543(a)(2)(ii). Such claims are regularly brought under the PCRA. It is in keeping with this body of case law that claims of trial counsel's ineffective assistance should be funneled through the PCRA.