**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jason L. MILLWARD, Appellant.**

Superior Court of Pennsylvania.

Submitted April 21, 2003.

Filed July 14, 2003.

Reargument Denied Sept. 18, 2003.

 

Marjorie A. Minkler, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., and James R. Gilmore, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: BOWES, GRACI, and KELLY, JJ.

OPINION BY GRACI, J.:

¶ 1 Appellant, Jason L. Millward ("Millward"), appeals from the judgment of sentence entered on June 17, 2002 in the Court of Common Pleas of Allegheny County. After careful review, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 In its 1925(a) opinion, the trial court provided the background of this case as follows:

This is a direct appeal from the judgment of sentence entered by [the trial court] on June 17, 2002, in which the Defendant was sentenced to a term of incarceration of ninety (90) days, with provisions for alternative housing and work release as well as a concurrent term of probation of three (3) years. . . .

The evidence presented at trial established that on March 12, 2000, the victim, Ronald Wingrove, and his friends

Larry Dones and Mike Bula were biking across the Birmingham Bridge in the City of Pittsburgh on their way to wing-night at a local South Side eatery. While crossing the bridge near the intersection of the Forbes Avenue on-ramp, Mr. Wingrove was struck by the Defendant's vehicle, which was traveling at a high rate of speed. Mr. Wingrove hit the windshield of the car, was thrown into the air, landed on the car's tailgate and was thrown to the ground. He suffered a serious brain injury and continuing numbness on the left side of his body. An accident reconstructionist determined that, based on the length of the skid-marks, the Defendant was traveling approximately 50 miles-per-hour in a 35 miles-per-hour zone.

The Defendant was originally charged at CC 200115702 with one (1) count of each of the following: Accidents Involving Death or Personal Injury (75 Pa. C.S.A. § 3742.1); Recklessly Endangering Another Person (REAP) (18 Pa. C.S.A. § 2705); Driving Vehicle at a Safe Speed (75 Pa.C.S.A. § 3361); Driving While Operating Privilege is Suspended or Revoked (75 Pa.C.S.A. § 1543(a) & (b)); and Drivers Required to be Licensed (75 Pa.C.S.A. § 1501). A non-jury trial was held before [the trial court], and the Defendant was found guilty at all counts of the information. A sentencing hearing immediately followed, at which time the Defendant was sentenced to a term of imprisonment of ninety (90) days, with provisions for alternative housing and work release. A concurrent three (3) year term of probation was also imposed. No post-sentence motions were filed.[1] This timely

---

1. On June 24, 2002, Stephen Begler, Esquire, filed a petition to withdraw as Millward's counsel. On June 26, 2002, the trial court granted Attorney Begler's petition and ordered that the Office of the Public Defender represent Millward on appeal.

appeal followed.[2]

1925(a) Opinion, 10/9/02, at 1–2.

¶ 3 Millward now raises the following issue for our review:

> Did trial counsel provide ineffective assistance by failing to obtain the services of an unbiased and impartial expert in the field of accident reconstruction to counter the testimony offered by the Commonwealth's expert witness?

. . .

Appellant's Brief, at 4.

## II. DISCUSSION

¶ 4 Millward argues that his trial counsel was ineffective for failing to retain an unbiased and impartial expert in the field of accident reconstruction to counter the testimony offered by the Commonwealth's expert witness. In order to succeed on an ineffective assistance of counsel claim, an appellant must demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the ineffectiveness of counsel caused him prejudice, *i.e.,* if not for counsel's ineffectiveness, there is a reasonable probability that the outcome of the trial would have been different. *Commonwealth v. Mason,* 559 Pa. 500, 741 A.2d 708, 715 (1999). We presume counsel is effective and place upon the appellant the burden of proving otherwise. *Commonwealth v. Paddy,* 569 Pa. 47, 800 A.2d 294, 306 (2002). An allegation of ineffectiveness cannot be established without a finding of prejudice. *Commonwealth v. March,* 528 Pa. 412, 598 A.2d 961, 963 (1991). Moreover, counsel cannot be found ineffective for failing to pursue a baseless or meritless claim. *Commonwealth v.*

*Thomas,* 783 A.2d 328, 332–33 (Pa.Super.2001).

¶ 5 Additionally,

> To establish ineffective assistance of counsel for the failure to present an expert witness, appellant must present facts establishing that counsel knew or should have known of the particular witness. *See Commonwealth v. Carter,* 443 Pa.Super. 231, 242, 661 A.2d 390, 395 (1995), *appeal denied,* 544 Pa. 623, 675 A.2d 1242 (1996); *Commonwealth v. Holloway,* 524 Pa. 342, 351, 572 A.2d 687, 692 (1990). Moreover, trial counsel need not introduce expert testimony on a client's behalf if counsel is able to effectively cross-examine prosecution witnesses and elicit helpful testimony. *Holloway,* 524 Pa. at 352, 572 A.2d at 692.

*Commonwealth v. K.M.,* 452 Pa.Super. 7, 680 A.2d 1168, 1172 (1996).

¶ 6 Before we address the merits of this ineffectiveness claim, we must determine if it is properly before us since it is being raised for the first time on direct appeal. We conclude that we may not.

¶ 7 "Our [S]upreme [C]ourt in *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (Pa.2002), recently set forth a new general rule providing that parties 'should wait to raise claims of ineffective assistance of trial counsel until collateral review.' *Id.* at 738." *Commonwealth v. Rosendary,* 818 A.2d 526, 527 (Pa.Super.2003). The Supreme Court dictated that this new rule is to be applied to all cases currently pending on direct appeal where a claim of ineffectiveness has been properly raised and preserved, as in this case. *See Grant,* 813 A.2d at 738–39. Since the new general

2. On July 17, 2002, Millward filed a petition to stay his 90–day jail sentence and continue the bond pending his appeal. On July 22, 2002, the trial court granted Millward's petition. His probationary sentence commenced on June 17, 2002, the day it was imposed.

rule in *Grant* was announced, we have regularly followed it. *See Rosendary,* 818 A.2d at 527, 529–30; *Commonwealth v. Robinson,* 817 A.2d 1153, 1162–63 (Pa.Super.2003); *Commonwealth v. Carmichael,* 818 A.2d 508, 509–10 (Pa.Super.2003); and *Commonwealth v. Ruiz,* 819 A.2d 92, 95–96 (Pa.Super.2003).

■ ¶ 8 Relying on *Commonwealth v. Salisbury,* 823 A.2d 914 (Pa.Super.2003), Millward argues that this case presents an exception to *Grant.* In *Salisbury,* this Court created an exception to *Grant* because the appellant, who was sentenced to 90 days imprisonment, "would be precluded from challenging his ineffective assistance of counsel claim in a collateral petition." *Id.* at 916; *accord Commonwealth v. Ingold,* 823 A.2d 917, 918 (Pa.Super.2003) (creating an exception to *Grant* where the appellant was sentenced to seven days time-served). To support his argument that he would be precluded from challenging his ineffectiveness claim in a collateral petition, Millward cites 42 Pa. C.S.A. §§ 9574–76, which set forth the Commonwealth's time requirements for filing an answer to a petition for unitary review in death penalty cases and the court's time requirements for determining whether an evidentiary hearing is warranted and for disposing of the petition for unitary review in death penalty cases.

¶ 9 Millward's reliance on *Salisbury* and Sections 9574–76 is misplaced. Different from the appellant in *Salisbury,* Millward is not precluded from challenging his ineffective assistance of counsel claim in a collateral petition, for Millward was sentenced to 90 days imprisonment, as well as *a concurrent term of three years probation.* Sentencing Order, 6/17/02; N.T. Trial, 6/17/02, at 51; *see also* 42 Pa.C.S.A.

9543(a)(1)(i) (stating that, to be eligible for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 *et seq.,* a petitioner must be "currently serving a sentence of imprisonment, *probation* or parole for the crime") (emphasis added). Since Millward was sentenced to three years probation on June 17, 2002, he still has almost two years within which to litigate a PCRA petition. Accordingly, his situation is clearly distinguishable from those confronting this Court in *Salisbury* and *Ingold.* They offer him no support.

¶ 10 Moreover, if Millward were to file a petition for collateral relief, the time requirements set forth in Sections 9574–76 are inapplicable since they involve *unitary review in death penalty cases.*[3] Instead, Rules 906–908 of the Pennsylvania Rules of Criminal Procedure would apply. *See* Pa.R.Crim.P. 906–908.

■ ¶ 11 Millward also argues that this case is an exception to *Grant* since he was constructively denied counsel. In *Grant,* the Supreme Court identified two "limited circumstances" where "[that] court may choose to create an exception to the general rule [which it had just announced] and review those claims on direct appeal." *Grant,* 813 A.2d at 738 n. 14. Those "limited circumstances" were specifically identified as involving "an allegation [1] that there has been a complete or constructive denial of counsel or [2] that counsel has breached his or her duty of loyalty." *Id.* The Supreme Court, which reserved unto itself the choice to create an exception to the general rule it announced, has not yet announced an exception regarding a complete or constructive denial of counsel. Nevertheless, even if the Supreme Court had granted this Court license to create

**3.** We also note that Sections 9574–76 were permanently suspended by order of the Supreme Court dated September 11, 1997. These provisions have no application to any PCRA petition.

such an exception, this claim must fall, for the instant case involves a garden-variety ineffectiveness claim as opposed to a complete or constructive denial of counsel.

¶ 12 In *Grant,* our Supreme Court cited *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), after observing that the federal "courts recognize that exceptional circumstances may exist where the ineffectiveness is patent on the record and, therefore, can be addressed on direct appeal." *Grant,* 813 A.2d at 734–35. The Court directed the reader to *Cronic* which recognized "that counsel's conduct may be so egregious that 'no amount of showing of want of prejudice would cure it.'" *Id.* at 735. The *Grant* Court also cited *United States v. Gambino,* 788 F.2d 938, 950 (3d Cir.1986), as "recognizing [another] narrow exception to the general rule 'where an objection has been properly made at trial or, where the record clearly shows actual conflict of interest....'" *Grant,* 813 A.2d at 735. Later, the Court noted two possible exceptions to the new general rule it had just announced in *Grant* that, under the appropriate circumstances, it might announce: "there has been a complete or constructive denial of counsel or that counsel breached his or her duty of loyalty." *Id.* at 738 n. 14. These potential exceptions are derived from *Cronic* and *Gambino,* respectively.

¶ 13 That *Cronic* is the source of the first potential exception identified by the *Grant* Court (and argued by Millward here) is clear from the Court's citation to *Cronic* and the explanation found in *Cronic.* In explaining the types of cases in which no showing of prejudice was required before a defendant could get relief, the *Cronic* Court identified the "[m]ost obvious" situation, "the complete denial of counsel." *Cronic,* 466 U.S. at 659, 104 S.Ct. 2039. Similar to the complete denial is the situation "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing [which] makes the adversary process itself presumptively unreliable." *Id.* This would amount to the constructive denial of counsel identified by the *Grant* Court. The Court in *Cronic* explained that these circumstances would not be found to exist unless a criminal defendant was "denied the presence of counsel at a critical stage of the prosecution" or when "based on the actual conduct of the trial ... there was a breakdown in the adversarial process." *Id.* at 662, 104 S.Ct. 2039. In the absence of such a demonstration, claims of ineffective assistance of counsel could only be established by pointing to specific errors made by counsel. *Id.* at 666, 104 S.Ct. 2039. Such claims of ineffectiveness are evaluated, according to *Cronic,* under the standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Cronic,* 466 U.S. at 666 n. 41, 104 S.Ct. 2039.[4]

¶ 14 Here, as stated above, Millward asserts a garden-variety claim of error by trial counsel: the alleged failure of trial counsel to call an expert witness. It is not alleged that Millward's trial counsel was absent during any critical stage of the prosecution. A review of the certified record demonstrates that counsel subjected the prosecution's case to adversarial testing. It is certainly plausible that counsel believed he could effectively cross-examine the prosecution's witness. If we were to find that counsel's failure to call an expert (or any other kind of) witness here amounted to the actual or constructive denial of counsel, what the Supreme Court

4. The *Strickland* standard for ineffective assistance claims is the same as the standard followed in Pennsylvania. *Commonwealth v.* *Pierce,* 515 Pa. 153, 527 A.2d 973, 976–77 (1987).

stated would be an exception to its general rule under "limited circumstances" would swallow the general rule. Even if we were authorized to adopt this exception, we would not do so here.

■ ¶ 15 Finally, Millward contends that we may reach the merits of this case under the plain error doctrine. However, as Millward notes, our Supreme Court abolished the plain error doctrine in *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Since our role is to effectuate the decisional law of the Supreme Court, we cannot resurrect that doctrine. *See Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382, 386 (1985). We also note that, even if we could resurrect the plain error doctrine, Millward does not show how, under any test for plain error, his claim fits any standard of plain error except in a broad standardless sense which is what led the Supreme Court to eliminate that doctrine in the first place. *See Clair*, 326 A.2d at 273 (citations omitted).

¶ 16 We further note that Millward's interpretation of *Clair* is incorrect. According to Millward, the Supreme Court in *Clair* indicated that an important reason for eliminating the plain error doctrine was the fact that basic and fundamental errors can be addressed in a direct appeal through the vehicle of an ineffective assistance of counsel claim. Since those claims are now to be generally raised on collateral appeal pursuant to *Grant*, Millward argues that the reason for the elimination of the plain error doctrine is no longer valid, and the plain error doctrine should, there-

fore, be resurrected. While we agree with Millward that an important reason for eliminating the plain error doctrine was the fact that basic and fundamental errors can be addressed via ineffective assistance of counsel claims, the *Clair* Court never indicated that such claims can be addressed in a direct appeal. Rather, the *Clair* Court (citing *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967)), which involved an ineffectiveness claim *on collateral appeal*, indicated that an important reason for eliminating the plain error doctrine was the fact that basic and fundamental errors can be addressed via ineffective assistance of counsel claims *on collateral appeal*. *See id.* at 274.[5] Accordingly, since the reason for the abrogation of the plain error doctrine remains valid, we see no reason to resurrect that doctrine even if we could.

### III. CONCLUSION

¶ 17 In light of *Grant* and our cases applying *Grant* which bind us, we dismiss Millward's claim of ineffective assistance of counsel without prejudice. Millward may raise this claim, along with any other claims cognizable under the PCRA, in a first PCRA petition. The PCRA court will then be able to conduct any required hearing on this[6] or any other properly raised claims.

¶ 18 Judgment of sentence affirmed.

¶ 19 KELLY, J., concurs in result.

---

5. We express our concern that in advocating that *Clair* provided for review of claims of ineffectiveness of counsel on direct appeal, emphasizing that "since any error that deprives a defendant of due process can more properly be remedied by a claim of ineffective assistance of counsel," Appellant's Reply Brief, at 9 (quoting *Clair*, 326 A.2d at 274),

counsel for Millward failed to acknowledge the citation to *Maroney* which immediately followed the sentence quoted from *Clair*. *See Clair*, 326 A.2d at 274. We will attribute this omission to oversight and not to any attempt to purposely mislead the Court.

6. It may be that a hearing would be necessary on the claim asserted in this appeal so that

trial counsel could explain his strategy in failing to secure a rebuttal expert given the standard to be applied in evaluating such a claim as set forth above. This will be a question for the PCRA court.