J-S41006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN LEE GETZ, | |
| Appellant | No. 725 MDA 2016 |

Appeal from the PCRA Order April 29, 2016
in the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0000375-2012

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:

Appellant, Kevin Lee Getz, appeals from the order of April 29, 2016, which dismissed, following a hearing, his first, counseled petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We take the underlying facts and procedural history in this matter from this Court's April 11, 2014 memorandum on direct appeal and our independent review of the certified record.

> The facts and procedural history of this case are summarized as follows. On August 24, 2011, [Appellant and his fiancée] took their six-week-old son . . . to the emergency room at Wilkes–Barre General Hospital because [the son's] left leg was swollen. While examining [the son], the triage nurse noted that

_____

[*] Retired Senior Judge assigned to the Superior Court.

his left leg was twice the size of his right leg and the charge nurse felt a "lump underneath the skin" of the left leg. As a result, the charge nurse ordered x-rays of the legs. While in the emergency room, the parents indicated that they were unaware of what caused [the son's] injuries. Dr. Ronald Richterman ("Dr. Richterman"), the radiologist at Wilkes–Barre General Hospital who examined [the son's] x-rays, found a complete fracture of the left femur and fractures in the right femur and tibia. After receiving the report of these x-rays, the emergency room ordered more x-rays of [the son], which revealed further injury.

Wilkes–Barre General Hospital then transferred [the son] to Geisinger Medical Center ("Geisinger") for pediatric specialty care. While at Geisinger, [the son] was under the care of Dr. Paul Bellino ("Dr. Bellino"), a child abuse expert. While examining [the son], Dr. Bellino discovered bruises on [the son's] cheek and left arm. Subsequently, Dr. Bellino reviewed x-rays of [the son's] legs and found the same extensive trauma as Dr. Richterman. Dr. Bellino also examined x-rays of [the son] that revealed several recent rib fractures as well as several healing rib fractures.

Due to the type [of] injuries [the son] sustained, Wilkes–Barre General Hospital referred the case to Children and Youth Services, who in turn, notified the Luzerne County District Attorney. On September 16, 2011, Gary Sworen ("Sworen"), a Luzerne County detective with the District Attorney's office, interviewed [Appellant]. During this interview, [Appellant] admitted to causing most of [the son's] injuries. [Appellant] stated that he remembered squeezing [the son] too hard in an attempt to stop him from crying, before hearing a pop. [Appellant] also made a signed, written statement admitting to "wrapping" [the son] too tightly in a blanket.

Based on this interview, authorities arrested [Appellant] on January 18, 2012, and charged him [with aggravated assault, endangering the welfare of children, simple assault, and recklessly endangering another person.]. On December 17, 2012, [Appellant] was tried before a jury. On December 19, 2012, the jury convicted [Appellant on all charges]. On February 21, 2013, the trial court sentenced [Appellant] to [not less than] six [nor more than] twelve years of incarceration. On April 19, 2013, after receiving an extension, [Appellant] timely filed his post-sentence motions. On June 18, 2013, the trial

court denied [Appellant's] post-sentence motions. This [direct] appeal followed.

(**Commonwealth v. Getz**, 2014 WL 10965233, No. 1344 MDA 2013, unpublished memorandum at **1-3 (Pa. Super. filed April 11, 2014) (record citations omitted)).

On April 11, 2014, this Court affirmed the judgment of sentence. (**See id.** at *1). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On May 8, 2015, Appellant filed the instant, timely, counseled PCRA petition. An evidentiary hearing took place on March 2, 2016. At the hearing, Appellant claimed that he had received ineffective assistance of trial counsel, because counsel failed to call an expert witness to refute the Commonwealth's theory with respect to the timeline of the child's left leg injury. (**See** PCRA Petition, 5/08/15, at 2, ¶ 8; N.T. PCRA Hearing, 3/02/16, at 105).

In support of Appellant's contention, Dr. Mary Pascucci, a pathologist, testified as an expert. (**See** N.T. PCRA Hearing, 3/02/16, at 3, 16). Dr. Pascucci testified that she largely agreed with the trial testimony of the Commonwealth's expert, Dr. Bellino, disagreeing with him solely with respect to the timeline of the left leg injury.[1]

---

[1] At trial, Dr. Bellino testified that, based upon the medical evidence, the injury to the child's left leg occurred within a range of seventy-two hours
*(Footnote Continued Next Page)*

Dr. Pascucci stated that she believed that the child's left leg injury occurred within a few hours prior to his second admission to the emergency room. (*See id.* at 32-33). However, on cross-examination, Dr. Pascucci admitted that she agreed with Dr. Bellino's testimony that, based upon bone formation, the injury occurred within four to five days of the child's second visit to the emergency room. (*See id.* at 49). She further agreed with his testimony that, because of the level of swelling in the leg, that the injury occurred closer in time rather than further in time from the admission. (*See id.*). She also conceded that Dr. Bellino had not placed the time of injury at twenty-fours prior to admission but rather within twenty-four hours. (*See id.* at 49-50). She characterized her timeline as "a little bit different. . . mine is more narrow." (*Id.* at 52). Ultimately, however, Dr. Pascucci acknowledged that she based her narrower timeline not on objective medical evidence but because she credited the medical history Appellant's fiancée gave at the time of admission. (*See id.* at 53-54).

Dr. Pascucci testified that the severity of the injury would have caused visible discomfort and Appellant's fiancée had stated to the emergency room

*(Footnote Continued)* ————————————

prior to his arrival at the emergency room to immediately prior to the parents bringing him to the hospital. (*See* N.T. Trial, 12/18/12, at 155). However, Dr. Bellino revised his estimate based upon the fact that the child had visited the emergency room for an unrelated injury earlier in the week. (*See id.* at 159-61). Dr. Bellino stated that staff would have observed the injury during that visit, thus revising his estimate to after that first visit but before the second, a period of approximately twenty-four hours. (*See id.*).

staff that the child had not experienced any discomfort until a couple of hours prior to admission. (*See id.*). Dr. Pascucci conceded that her timeline was therefore dependent upon the truthfulness and awareness of the child's caretaker(s). (*See id.* at 54-55). Lastly, Dr. Pascucci admitted that she was not aware that the Commonwealth's theory of the case was that the left leg injury occurred "right before they brought [the child] to the [emergency room.]" (*Id.* at 57).

On April 29, 2016, the PCRA court denied Appellant's PCRA petition. On May 4, 2016, Appellant filed a timely notice of appeal. On May 6, 2016, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On May 16, 2016, Appellant filed a timely Rule 1925(b) statement. *See id.* On September 22, 2016, the PCRA court issued an opinion. *See* Pa.R.A.P. 1925(a).

On December 15, 2016, this Court remanded the matter to the trial court for a determination of whether PCRA counsel abandoned Appellant on appeal. On January 25, 2017, the PCRA court held a hearing and found that counsel had not abandoned Appellant. In response to this Court's January 26, 2017 order, PCRA counsel filed a timely brief on April 6, 2017.

On appeal, Appellant raises the following question for our review:

> Whether, where in a trial for aggravated assault of an infant, the Commonwealth presented expert testimony claiming that there was a large window of time in which the [child's] injuries could have occurred, which included time in which Appellant was with the [son], and [d]efense [c]ounsel failed to consult with or present expert testimony that the injuries could

- 5 -

only have occurred in a more narrow window of time in which Appellant was not with the [son], despite that fact that such testimony was readily available, and failed to effectively cross-examine the Commonwealth's expert witness, the trial court erred in denying Appellant's PCRA [p]etition?

(Appellant's Brief, at 7).

Our scope and standard of review is well-settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Reyes–Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015), *appeal denied*, 123 A.3d 331 (Pa. 2015) (internal citations and quotation marks omitted).

To obtain relief under the PCRA on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009) (citing 42 Pa.C.S.A. § 9543(a)(2)(ii)). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* (citation omitted). This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her

action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***See id.*** at 533.

A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** (citations omitted). In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. ***See Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995), *cert. denied*, 516 U.S. 1121 (1996). "Counsel cannot be deemed ineffective for failing to pursue a meritless claim." ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004) (citation omitted).

Moreover, trial counsel's strategic decisions cannot be the subject of a finding of ineffectiveness if the decision to follow a particular course of action "was reasonably based and was not the result of sloth or ignorance of available alternatives." ***Commonwealth v. Collins***, 545 A.2d 882, 886 (Pa. 1988) (citations omitted). "[C]ounsel's approach must be so unreasonable that no competent lawyer would have chosen it." ***Commonwealth v. Ervin***, 766 A.2d 859, 862–63 (Pa. Super. 2000), *appeal denied*, 793 A.2d 904 (Pa. 2002), *cert. denied*, 536 U.S. 939 (2002) (citation omitted). Our Supreme Court has defined "reasonableness" as follows:

Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

*Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987) (citation omitted); *see also Commonwealth v. Clark*, 626 A.2d 154, 157 (Pa. 1993) (explaining that defendant asserting ineffectiveness based upon trial strategy must demonstrate that "alternatives not chosen offered a potential for success substantially greater than the tactics utilized") (citation omitted). "[A] defendant is not entitled to appellate relief simply because a chosen strategy is unsuccessful." *Commonwealth v. Buksa*, 655 A.2d 576, 582 (Pa. Super. 1995), *appeal denied,* 664 A.2d 972 (Pa. 1995) (citation omitted).

Lastly, "[t]o establish ineffective assistance of counsel for the failure to present an expert witness, appellant must present facts establishing that counsel knew or should have known of the particular witness." *Commonwealth v. Millward*, 830 A.2d 991, 994 (Pa. Super. 2003), *appeal denied*, 848 A.2d 928 (Pa. 2004) (citations omitted). Further, "the defendant must articulate what evidence was available and identify the witness who was willing to offer such evidence." *Commonwealth v. Bryant*, 855 A.2d 726, 745 (Pa. 2004) (citations omitted).

Here, Appellant avers that trial counsel was ineffective for failing to call an expert witness to counter the expert testimony of the Commonwealth's witness, Dr. Bellino.[2, 3] (*See* Appellant's Brief, at 16-17). However, because Appellant has not demonstrated that counsel's failure to call an expert witness prejudiced him, his claim lacks merit.

As discussed above, Dr. Pascucci's testimony largely tracked that of Dr. Bellino. She herself admitted that her findings merely narrowed the left leg injury timeline from within twenty-four to within a few hours of the child's arrival at the emergency room. (*See* N.T. PCRA Hearing, 3/02/16, at

---

[2] While Appellant repeatedly refers to the Commonwealth's calling of "expert witnesses," and trial counsel's alleged failure to investigate or cross-examine them properly, (*see*, *e.g.* Appellant's Brief, at 17-19), the record reflects that the only relevant expert witness was Dr. Bellino. While the Commonwealth did qualify Dr. Ronald Richterman, the child's radiologist, as an expert, (*see* N.T. Trial, 12/17/12, at 48), Dr. Richterman testified only about the injuries he observed on the child's x-rays; he did not testify with respect to the timeline or make any conclusions about who or what caused the injuries. (*See id.* at 51-54). Dr. Pascucci did not dispute the nature of the child's injuries and Appellant did not provide any expert testimony at the PCRA hearing that in any way called into question Dr. Richterman's testimony. (*See* N.T. PCRA Hearing, 3/02/16, at 3-68). Dr. Jamie Ryan, the child's pediatrician, testified at trial as a fact witness and her testimony was limited to stating that she had examined the child on July 18, 2011, and saw no signs of injury on that date. (*See* N.T. Trial, 12/18/12, at 192-94).

[3] Appellant also appears to argue that trial counsel was ineffective for failing to cross-examine Dr. Bellino adequately. However, Appellant does not treat this as a separate claim but subsumes it within his claim of ineffectiveness for failing to hire an expert witness. (*See* Appellant's Brief, at 15-22). Further, this claim is underdeveloped. Therefore, we will not address it. *See Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.") (citations omitted).

32-33, 49-55). Moreover, despite Appellant's self-serving claim that this narrowed timeline exonerates him, (*see* Appellant's Brief, at 16), the evidence at trial, viewed in the light most favorable to the verdict winner, refutes this. In his statement to the police and in his trial testimony, Appellant stated that he arrived home on that date between 4:00 and 4:30 p.m. (*See* N.T. Trial, 12/17/12, at 78; N.T. Trial, 12/18/12, at 198). Appellant also told police that he was the child's primary caretaker once he got home from work. (*See* N.T. Trial, 12/17/12, at 75-76). The child arrived at the emergency room at approximately 7:45 p.m. (*See id.* at 31). Thus, Dr. Pascucci's "narrower" timeline places the time of injury squarely within the period that Appellant was caring for the child, rather than earlier in the day when his fiancée was caring for him.

In any event, even if we could somehow construe Dr. Pascucci's testimony as arguably helpful to Appellant, her testimony only concerned the left leg injury. (*See* N.T. PCRA Hearing, 3/02/16, at 24-68). Dr. Pascucci did not make any findings with respect to the multiple rib fractures of different ages, the right leg injuries, or the bruising on the child's face and arms. In his statement to the police, Appellant admitted squeezing the child so hard that he heard something pop. (*See* N.T. Trial, 12/17/12, at 71-75). The jury could have found Appellant guilty because of the rib injuries alone. Our Supreme Court has stated, "[t]he mere failure to obtain an expert rebuttal witness is not ineffectiveness. Appellant must demonstrate that an

expert witness was available **who would have offered testimony designed to advance appellant's cause.**" ***Commonwealth v. Wayne***, 720 A.2d 456, 470-71 (Pa. 1998), *cert. denied*, 528 U.S. 834 (1999) (citation omitted, emphasis added); ***see also Commonwealth v. Williams***, 141 A.3d 440, 462 (Pa. 2016) (finding counsel was not ineffective for failing to call expert witness whose testimony did not help defense). For the reasons discussed above, we find that Appellant has not shown that Dr. Pascucci's testimony would have "advanced [his] cause" or changed the result in this matter. ***Wayne***, ***supra*** at 471. Thus, because Appellant failed to demonstrate prejudice, the PCRA court correctly found that he did not receive ineffective assistance of counsel. ***See Johnson***, ***supra*** at 533.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2017

- 11 -