J-S02003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CORNELL RICHARDS, | |
| Appellant | No. 783 EDA 2015 |

Appeal from the PCRA Order February 18, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003093-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CORNELL RICHARDS, | |
| Appellant | No. 784 EDA 2015 |

Appeal from the PCRA Order February 18, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005615-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CORNELL RICHARDS, | |
| Appellant | No. 785 EDA 2015 |

Appeal from the PCRA Order February 18, 2015

In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005616-2015

BEFORE:  SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 25, 2016**

Appellant, Cornell Richards, appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  In addition, counsel has filed a petition seeking to withdraw.  We grant counsel's motion to withdraw and affirm the order of the PCRA court.

We previously summarized the facts of the crimes and initial procedural history as follows:

> The underlying three criminal cases involved the same complainant, Appellant's former girlfriend.  In CR-3093-2012, the Commonwealth charged Appellant with, *inter alia*, simple assault and criminal mischief after police officers responded to a domestic dispute on January 24, 2012.  In CR-5616-2012, Appellant was charged with, *inter alia*, simple assault, theft by unlawful taking, and robbery after an officer observed a domestic dispute on April 28, 2012.[5]  In CR-5615-2012, Appellant was charged with, *inter alia*, intimidation of a witness or victim after the complainant, on July 2, 2012, told officers that Appellant called and sent her text messages asking her to drop the charges against him.
>
> [5] By the time of the second incident, the complainant discovered that she was pregnant with Appellant's child and had also contracted a sexually transmitted disease from him.
>
> Appellant obtained private counsel, Kevin Wray, Esq. ("trial counsel") and proceeded to a consolidated nonjury trial on November 20, 2012.  The following day, the trial court found him guilty in CR-3093-2012 of simple assault, in CR-5616-2012 of

- 2 -

simple assault, theft by unlawful taking, and robbery, and in CR-5615-2012 of intimidation of a witness or victim, which the court graded as a second-degree misdemeanor.[6]  On January 30, 2013, the court sentenced Appellant to six to twenty-four months' imprisonment for robbery,[7] a consecutive six to twenty-four months' imprisonment for intimidation of a witness or victim, and a consecutive two years' probation for simple assault.  The aggregate sentence for the three cases was one to four years' imprisonment followed by two years' probation.

> [6]  The trial court found Appellant not guilty of the charge of criminal mischief in CR-3093-2012.  The remaining charges against Appellant in the three cases were dismissed prior to trial.
>
> [7]  The trial court merged the simple assault and theft into the count of robbery in CR-5616-2012.

> * * *
>
> Counsel from the Office of the Public Defender entered an appearance on February 28th and, that same day, filed . . . notices of appeal in each of the three underlying cases.

*Commonwealth v. Richards*, 733, 735, 737 EDA 2013, 93 A.3d 505 (Pa. Super. filed December 10, 2013) (unpublished memorandum at 2–4) (some footnotes omitted).

On appeal to this Court, direct appeal counsel sought to withdraw after identifying a challenge to the sufficiency of the evidence underlying Appellant's intimidation-of-a-witness-or-victim conviction as having arguable merit.  We determined that the identified issue lacked merit, and after conducting an independent review of the record, we concluded that there were "no non-frivolous questions for appeal."  *Richards*, (unpublished memorandum at 11).  Thus, we affirmed the judgment of sentence and

granted counsel's petition to withdraw on December 10, 2013. *Id*.

Appellant did not file a petition for allowance of appeal to the Pennsylvania

Supreme Court.

On November 25, 2014, by private counsel, Appellant filed a timely

PCRA petition. Following receipt of an answer by the Commonwealth, the

PCRA court held an evidentiary hearing on February 11, 2015. The PCRA

court denied the petition on February 18, 2015. By letter dated March 1,

2015, Appellant requested the appointment of appellate counsel, which the

PCRA court granted on March 10, 2015. On March 17, 2015, Appellant filed

the instant notice of appeal.

The PCRA court ordered the filing of a statement pursuant to Pa.R.A.P.

1925. Following the grant of Appellant's motion for extension of time to file

the concise statement, and in response to the Rule 1925 order, Appellant's

counsel filed a notice of intent to withdraw,[1] and thereafter filed a petition to

withdraw as counsel and a purported ***Turner***/***Finley***[2]

---

[1] Appellant's Pa.R.A.P. 1925 statement states, "In accordance with [Pa.R.A.P.] 1925(c)(4), counsel informs the court that he intends to file an *Anders* brief with the Superior Court." Concise Statement, 3/21/13, at 1. Pa.R.A.P. 1925(c)(4) states, "In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an *Anders/McClendon* brief in lieu of filing a Statement."

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

brief.[3]    We will refer to counsel's erroneously titled **Anders** brief as a

**Turner**/**Finley** brief.

Prior to addressing Appellant's claims on appeal, we must address

counsel's petition to withdraw as counsel.  When counsel seeks to withdraw

representation in a collateral appeal, the following conditions must be met:

1)    As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter;

2)    PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims;

3)    PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless;

4)    PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

---

[3]   Counsel erroneously purports to withdraw under **Anders v. California**, 386 U.S. 738 (1967), which applies when counsel seeks to withdraw from representation on direct appeal.  When, as in this case, counsel seeks to withdraw from representation on collateral appeal, the dictates of **Finley** and **Turner** are applicable.  **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (counsel petitioning to withdraw from PCRA representation must proceed not under **Anders**, but under **Turner** and **Finley**).  We note that elsewhere in his filings, counsel refers to the **Turner**/**Finley** standard for withdrawal.  Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** "no merit" letter.  **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014).

5)     The court must conduct its own independent review of the record in light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6)     The court must agree with counsel that the petition is meritless.

**Commonwealth v. Daniels**, 947 A.2d 795, 798 (Pa. Super. 2008) (internal punctuation marks omitted) (citing **Commonwealth v. Friend**, 896 A.2d 607, 615 (Pa. Super. 2006)); **see also Commonwealth v. Doty**, 48 A.3d 451 (Pa. Super. 2012) (listing conditions to be met by counsel in seeking to withdraw in collateral appeal.).

Here, counsel described the extent of his review, evaluated the issues, and concluded that the appeal is frivolous.  Counsel has also listed issues relevant to this appeal and explained why, in his opinion, the issues are without merit.  In addition, counsel has included a letter sent to Appellant containing a copy of his motion to withdraw and a statement advising Appellant of his right to proceed *pro se* or through privately-retained counsel.  Thus, we conclude that counsel has substantially complied with the requirements necessary to withdraw as counsel.  **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with the requirements to withdraw as counsel will satisfy the

*Turner*/*Finley* criteria).  We now independently review Appellant's claims to ascertain whether they entitle him to relief.[4]

Counsel identifies the following issues in the *Turner*/*Finley* brief:

> Whether [A]ppellant's trial counsel was ineffective for failing to obtain certain discovery prior to the commencement of trial?
>
> Whether the evidence was insufficient to sustain the conviction for Intimidation of Witnesses or Victims since the Commonwealth failed to prove that [Appellant] actually intimidated a witness or victim?

*Turner*/*Finley* Brief at 7.

To be entitled to PCRA relief, an appellant must establish, by a preponderance of the evidence, that 1) his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2); 2) his claims have not been previously litigated or waived, *id.* at § 9543(a)(3); and 3) the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational, strategic, or tactical decision by counsel.  *Id.* at § 9543(a)(4).  We address Appellant's issues in reverse order.

Counsel's sufficiency-of-the-evidence issue relating to Appellant's conviction for intimidation of witnesses is waived because he failed to make any argument regarding this claim in his brief.  ***Commonwealth v.***

_____

[4]  We note that Appellant has not filed either a *pro se* brief or retained alternate counsel for this appeal.

*Woodard*, ___ A.3d ___, 2015 WL 7767271, 692 CAP (Pa. 2015) (decided December 3, 2015) (The appellant's failure to identify substance of particular pretrial motion at issue and failure to set forth any argument whatsoever in support of claim constitutes waiver); *Commonwealth v. Bullock*, 948 A.2d 818, 823 (Pa. Super. 2008) (holding that issue identified on appeal but not properly developed in appellate brief is waived).

Moreover, we addressed this specific issue in Appellant's direct appeal. Therein, this Court concluded that "a sufficiency challenge to Appellant's conviction of intimidation of a witness or victim, graded as a second-degree misdemeanor, was frivolous." *Richards*, (unpublished memorandum at 10). Therefore, this claim was previously litigated, as well. *See* 42 Pa.C.S. § 9543(a)(3) ("To be eligible for relief, . . . the petitioner must plead and prove . . . [t]hat the allegation of error has not been previously litigated . . . .").

Appellant's other issue asserts the ineffective assistance of trial counsel for failure to file post-sentence motions; however, Appellant does not delineate the basis for the motion. We gain some insight by way of counsel's explanation in his brief concerning why the issue is frivolous. *Turner*/*Finley* Brief at 11. There, counsel maintains as follows:

> This issue is frivolous, however, since [Appellant] filed a pro se motion for reconsideration of sentence asserting mitigating circumstances were present and that discovery was incomplete and raised a claim of insufficiency of evidence on direct appeal. The issues raised by [Appellant's] pro se pleadings were addressed by the trial judge and denied.

Furthermore, [Appellant's] sufficiency of evidence claim was raised on direct appeal, the record reviewed by the Superior Court and subsequently denied. [Appellant] was still represented by counsel when he file[d] his pro se motions. The result is that trial counsel's failure to file post sentence motions is now a legal nullity which did not preserve his sentencing claims. Commonwealth v. Nischan, 928 A.2nd 349, 355. The Superior Court determined that the trial court had conducted a presentence investigation, referenced applicable guidelines and provided a thorough statement of reasons for imposing a sentence within the standard range concluding that no colorable discretionary sentencing claims exist. [**Richards**, (unpublished memorandum at 11 n.10)[5]].

_____

[5]  We stated on direct appeal:

[I]n his *pro se* post sentence motions, Appellant sought to have his sentence modified based on his assertions that "mitigating circumstances were present . . . given that 'the discovery was incomplete, anger management was completed without being informed by the court, and he was also in the process of completing college, and had no priors, only current summary offenses.'"  Appellant's *Pro Se* Mot. for Recons. Of Sentence, 2/4/13.

However, because Appellant was represented by counsel when he filed his motions to modify the sentence pro se, they were legal nullities that did not operate to preserve his sentencing claims. **See** [**Commonwealth v.**] **Nischan**, 928 A.2d [349] at 355 [(Pa. Super. 2007)].  In any event, the trial court had a presentence investigation report at the time of sentencing, expressly referenced the guideline sentences suggested by the Sentencing Code, and provided a thorough statement of reasons for its imposition of standard range, consecutive sentences. **See** N.T., 1/30/12,at 16-24. Accordingly, our review reveals no colorable discretionary sentencing claims in this appeal. **See generally**, **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010).

**Richards**, (unpublished memorandum at 11 n.10.

***Turner*/*Finley*** Brief at 11–12.

We note that on direct appeal, this Court addressed the filing of Appellant's *pro se* post-sentence motions as follows:

> Appellant, acting *pro se*, sent to the trial court motions to reconsider the sentences on February 4, 2013, although the court did not grant trial counsel leave to withdraw.[8] No counseled post-sentence motions were filed on behalf of Appellant. However, the court denied the *pro se* post-sentence motions on February 14th.
>
> > [8] Instantly, the trial court properly forwarded Appellant's *pro se* motions to the clerk of the courts. ***See*** Pa.R.Crim.P. 576(A)(5). However, because the record does not show that the court granted trial counsel leave to withdraw, Appellant was represented by counsel when he delivered his *pro se* motions to the court. ***See*** Pa.R.Crim.P. 120(A)(4). Accordingly, Pa.R.Crim.P. 576(A)(4) required that the clerk of courts accept Appellant's *pro se* motions, time stamp them, place them in the files, and forward timestamped copies to trial counsel. ***See*** Pa.R.Crim.P. 576(A)(4). Furthermore, the prohibition on "hybrid representation" precluded the trial court from ruling on the merits of Appellant's pro se motions. ***See Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007) (describing counseled defendant's *pro se* post-sentence motion as "a nullity, having no legal effect").

To plead and prove ineffective assistance of counsel, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. ***Commonwealth v. Stewart***, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any one of these

prongs. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to have rendered effective assistance of counsel. ***Commonwealth v. Montalvo***, 114 A.3d 401, 410 (Pa. 2015). We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

It is clear that the underlying issue lacks arguable merit. In addressing this issue, the PCRA court explained as follows:

> The trial attorney was remiss in not lodging on [Appellant's] behalf post-sentence motions. Even appreciating his testimony at the PCRA hearing that after verdict and before sentencing [Appellant] was repeatedly raising claims of incompetent stewardship, in the absence of a successor lawyer entering of-record his or her appearance, trial counsel should have lodged the requested post-sentence motions or alternatively, and consistent with his admonishment to [Appellant] that he would need to secure representation by another lawyer[,] filed a petition to withdraw appearance. Although [Appellant's] trial attorney neither filed post-sentence motions nor a withdrawal petition, the same on the record at bar does not warrant [PCRA] remedy.
>
> As adduced at the PCRA hearing, [Appellant] sought to have trial counsel lodge post-sentence motions challenging the sufficiency of the prosecution's trial evidence and seeking to have this court reconsider its sentence. Regarding a challenge to the legal adequacy of the Commonwealth's trial evidence, the same was reviewed and decided adverse to [Appellant] on direct appeal by the Superior Court. Because this legal sufficiency claim has been previously litigated, it simply cannot be a viable basis for the now sought after collateral relief. 42 Pa.C.S. §§ 9543(a)(3) and 9544(a)(2). Salient to a reconsideration of sentence filing, the merits of the same [were] decided by this court, albeit stemming from [Appellant's] *pro se* pleadings. Despite his trial lawyer's failure to seek a reconsideration of sentence, [Appellant] was in fact afforded by this court

- 11 -

sentencing reconsideration review. Accordingly, [Appellant] on such a record has not established the necessary prejudice to a finding that except for this challenged omission[,] the proceeding's outcome would have been different. *Commonwealth v. March*, [598 A.2d 961, 962 (Pa. 1991)] and *Commonwealth v. Buehl*, [508 A.2d 1166, 1174 (Pa. 1986)].

PCRA Court Order, 2/18/15, at 1 n.2 (some internal citations omitted).[6]

In summary, we conclude that Appellant's issues are either waived, previously litigated, or lack arguable merit. Moreover, having conducted an independent review of the record in light of the PCRA petition and the issues set forth therein, as well as the contents of counsel's motion to withdraw and brief, we agree that the PCRA petition is meritless and permit counsel to withdraw.

Motion to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2016

_____

[6] The PCRA court noted that it "wholly incorporated as if fully set forth herein" "its order from which the instant appeal was taken." PCRA Court Opinion, 6/1/15, at 12, 11.

- 12 -