J-S93034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DONTA REGUSTORS, | |
| Appellant | No. 2023 EDA 2015 |

Appeal from the PCRA Order June 1, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0001677-2011

BEFORE:  DUBOW, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED FEBRUARY 22, 2017**

Appellant, Donta Regustors, appeals from the order of June 1, 2015, which denied, without a hearing, his first counseled petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Counsel has filed a motion to withdraw.[1]  For the reasons discussed below, we grant counsel's motion and affirm the denial of the PCRA petition.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Counsel mistakenly filed a "***Turner*/*Finley* Brief**" comparable to a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  However, a ***Turner*/*Finley*** no-merit letter is the correct filing.  Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief instead of a ***Turner*/*Finley*** letter.  ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

We take the underlying facts and procedural history in this matter from this Court's November 13, 2013 memorandum on direct appeal and our independent review of the certified record.

> At trial, the Commonwealth presented the testimony of Edward Humphrey, Charles Britten,[a] William Whitehouse, John Jones, Richard Sax, Dr. Marlon Osbourne, Philadelphia Police Officers Gerald Wolford, Kevin Port, Anthony Mooney, Travis Washington, Jeremy Elliot, Timothy Esack, Stephen Ahmie, and Donna Grebloski, Philadelphia Police Detectives Phillip Nordo, Stephen Grace, Ron Dove, Bill Urban, and Grady Petterson, and Philadelphia Police Sergeants Christopher Small and Matt Gillespie. [Appellant] presented the testimony of Ronald Coleman. Viewed in the light most favorable to the Commonwealth as the verdict winner, their testimony established the following.
>
> > [a] As Mr. Britten was killed between the preliminary hearing and the trial, his preliminary hearing testimony was read to the jury, pursuant to Pa.R.E. 804(b)(1).[2]
>
> On August 28, 2010, at approximately 4[:00] a.m., Edward Humphrey and Charles Britten were hanging out at the corner of 26th Street and Silver Street. Jonathan Wilson was nearby sitting in his car. After the three men had been on the corner for about thirty minutes, [Appellant] and Kyle Pelzer rode up 26th Street on bicycles and began firing handguns at Mr. Britten and Mr. Humphrey from a short distance away. [Appellant] and Mr. Pelzer fired approximately ten shots at Mr. Britten and Mr. Humphrey. Mr. Britten and Mr. Humphrey ducked

_____

[2] Mr. Britten testified under an immunity agreement; by stipulation of the parties, the Commonwealth read the immunity agreement into the record. (**See** N.T. Trial, 3/28/12, at 5, 16-21).

behind a car, and Mr. Britten began firing his own gun back at [Appellant] and Mr. Pelzer. [Appellant] and Mr. Pelzer continued riding down the street on their bicycles as they fired their guns at Mr. Britten and Mr. Humphrey, shooting Mr. Wilson in the process. Mr. Wilson drove away, but lost control of the car and crashed into a pole. Mr. Britten and Mr. Humphrey both fled the scene.

Mr. Wilson was taken by ambulance to Temple Hospital, where he was pronounced dead at 4:42 a.m. He had been shot once in the back with a [nine]-millimeter bullet. The bullet had torn his abdominal aorta, which caused him to bleed to death. Police removed [twenty-four] nine-millimeter fired cartridge casings from the scene of the shooting. Police also recovered nine .380 fired cartridge casings from the scene of the shooting, which were fired from Mr. Britten's gun.

Mr. Britten was questioned by homicide detectives. He identified [Appellant] and Mr. Pelzer, both of whom he knew personally, as the people who shot at himself and Mr. Humphrey, thereby killing Mr. Wilson. Mr. Humphrey was also questioned by the police. He identified [Appellant], whom he knew personally, and Mr. Pelzer, whom he did not know, from a photo array.

Trial Court Opinion, 2/[0]8/[]13, at 2-3 (record citations omitted).

[Appellant] and Pelzer were arrested and charged with multiple offenses relating to the incident. A joint jury trial was held from March 26, 2012 to April 2, 2012. On that day, the jury convicted [Appellant] of one count of first-degree murder (victim Wilson), two counts of attempted murder (victims Britten and Humphrey), one count of criminal conspiracy to commit murder, two counts of first-degree aggravated assault (victims

Britten and Humphrey), and one count of [possessing an instrument of a crime (PIC)].[b],[3]

> [b] [Appellant] was acquitted of several other charges that originated from a different set [of] events that allegedly took place two weeks before the charges at issue here. Pelzer was acquitted of all charges. Trial [Ct. Op.], [ ], at 1 n.1.

> A sentencing hearing was held on May 31, 2012. The [trial] court imposed the mandatory sentence of life imprisonment for the first-degree murder conviction, a consecutive sentence of [not less than] eight [nor more than sixteen] years' incarceration for the attempted murder of Britten, a consecutive sentence of [not less than] eight [nor more than sixteen] years' incarceration for the attempted murder of Humphrey, and a concurrent sentence of [not less than] eight [nor more than sixteen] years' imprisonment for the conspiracy charge.[c] [Appellant] filed a post-sentence motion, which was denied on October 2, 2012. This appeal followed.

> [c] The [trial] court did not impose a further penalty with respect to the PIC offense and [the] aggravated assault convictions merged for sentencing purposes.

(**Commonwealth v. Regustors**, 91 A.3d 1282, No. 3113 EDA 2012, unpublished memorandum at **2-4 (Pa. Super. filed November 13, 2013) (record citations and one footnote omitted)).

On November 13, 2013, this Court affirmed the judgment of sentence. (**See id.**). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On November 12, 2014, Appellant filed the instant, timely, counseled PCRA petition accompanied by a memorandum of law. On April 8, 2014, the

---

[3] 18 Pa.C.S.A. §§ 2502(a), 901, 903, 2702(a), and 907(a), respectively.

- 4 -

Commonwealth moved to dismiss the petition. On May 11, 2015, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant did not file a response to the Rule 907 notice. On June 1, 2015, the PCRA court dismissed Appellant's PCRA petition.

On June 29, 2015, despite being represented by counsel, Appellant filed a *pro se* notice of appeal. That same day, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. ***See*** Pa.R.A.P. 1925(b). Subsequently, Appellant filed two *pro se* requests for an extension of time; the PCRA court denied both motions. The court forwarded Appellant's motions to PCRA counsel. Counsel did not take any action. On September 1, 2015, the PCRA court issued an opinion, finding Appellant waived all issues on appeal for failing to file a Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(a).

On December 9, 2015, this Court remanded the matter to the trial court for a determination of whether PCRA counsel abandoned Appellant on appeal. On December 30, 2015, the PCRA court held a hearing on the issue; the court then permitted PCRA counsel to withdraw and appointed new counsel to represent Appellant on appeal. On January 20, 2016, this Court again remanded the matter to permit new counsel to file a Rule 1925(b) statement. Counsel filed a timely statement on February 8, 2016. ***See***

Pa.R.A.P. 1925(b). On March 11, 2016, the trial court issued a supplemental opinion. *See* Pa.R.A.P. 1925(a).

On July 26, 2016, counsel filed a motion to withdraw in this Court. On September 9, 2016, Appellant filed a *pro se* response.

On appeal, the ***Turner/Finley*** brief raises the following questions for our review.

**The Global Question**

Whether there is anything in the record that might arguably support the appeal that obviates a conclusion that the appeal is without merit and/or frivolous[?]

**Specific Areas of Inquiry**

Whether trial counsel and PCRA counsel were ineffective (A) where they failed to investigate and interview and obtain affidavits from potential exculpatory witnesses (Tamika Ellis, Delores Hawthorn, Givon Williams, Shawonda Harris, Erica Walker, Turquoise Morrison, Shanee Brooks and Tyreek Thoms), (B) where they failed to procure a videotape from Sampala Beer Distributor[,] (C) where they failed to investigate forensic evidence of the shell casings[,] (D) where they failed to obtain a handwriting expert to validate a witness John Jones' contention that he did not signe (sic) the statements[,] and (E) where they failed to investigate whether disgraced homicide Detective Ron Dove tampered with evidence[?]

Whether trial counsel was ineffective for failing to object to the admissibility of evidence regarding the shooting at 25th and Somerset on [August 27, 2010,] where the probative value of the evidence was outweighed by its prejudice[?]

Whether trial counsel was ineffective by failing to mount a viable and vigorous defense where he (A) failed to object to the introduction of evidence not provided in discovery (Edward Humphr[e]y's statement to police), (B) where he failed to object to a pattern of leading questions used by the prosecutor throughout the trial[,] (C) where he left the courtroom during

- 6 -

the trial without permiss[ion,] drawing a reprimand from the [trial] court[,] (D) where he failed to examine Police Officer Ahmie concerning the fact that more than one .380 pistols were used in the events at issue[,] (E) where he failed to cross-examine Police Officer Esack about recovering a live round on August 27 at the crime scene and sent it to the DNA lab for analysis[,] and (F) where he failed to object when the [trial] court provided firearms evidence to the jury during its deliberations[?]

(*Turner*/*Finley* Brief, at 6-7) (unnecessary emphasis and capitalization omitted).

In his *pro se* filing, Appellant raises three additional questions.

I. Was trial counsel ineffective for failing to object to the prosecutor becoming a witness during trial by vouching for the credibility of a witness?

II. Was trial counsel ineffective for failing to object to the immunity petition inasmuch as it denied Appellant the right to cross-examination?

III. Is it legally possible for intent to transfer to an accomplice or co[-]conspirator insofar as it requires proof on intent to commit an unintended killing and was trial counsel ineffective for failing to object thereto?

(Appellant's Answer in Opposition to *Finley* Brief, at 2, 6, 9) (unnecessary capitalization omitted).

Appellant's court-appointed counsel has moved this Court for permission to withdraw and has submitted a *Turner*/*Finley*-compliant brief, as is required for counsel seeking to withdraw on appeal of the denial of a PCRA petition.  Court-appointed counsel who seeks to withdraw from representing an appellant on appeal of a denial of a PCRA petition on the

basis that the appeal lacks merit must review the case zealously. *See*

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007).

> ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

***Id.*** (citations omitted). Here, counsel has substantially complied with the

dictates of ***Turner***/***Finley***.

When this Court receives a ***Turner***/***Finley*** brief, we conduct an

independent review of the record in light of the PCRA petition and the issues

set forth within it, as well as of the contents of the motion of counsel to

withdraw. ***See id.*** We will grant the motion to withdraw if we agree with

counsel that the PCRA petition is meritless. ***See id.***

Appellant appeals from the dismissal of his PCRA petition without a

hearing. We review the denial of a post-conviction petition to determine

whether the record supports the PCRA court's findings and whether its order

is otherwise free of legal error. ***See Commonwealth v. Faulk***, 21 A.3d

1196, 1199 (Pa. Super. 2011). To be eligible for relief pursuant to the

PCRA, Appellant must establish, *inter alia*, that his conviction or sentence

resulted from one or more of the enumerated errors or defects found in 42

Pa.C.S.A. § 9543(a)(2). **See** 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. **See** 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Further,

> . . . a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.
>
> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

All of the issues raised by counsel in the **Turner**/**Finley** brief and in Appellant's *pro se* response[4] claim that he received ineffective assistance of

---

[4] In Appellant's third issue in his *pro se* response, in addition to claiming that he received ineffective assistance of counsel, Appellant also appears to substantively challenge the trial court's jury instruction on criminal
*(Footnote Continued Next Page)*

trial counsel.[5]  Counsel is presumed effective, and an appellant bears the burden to prove otherwise.  *See Commonwealth v. McDermitt*, 66 A.3d 810, 813 (Pa. Super. 2013).  The test for ineffective assistance of counsel is the same under both the United States and Pennsylvania Constitutions.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Commonwealth v. Jones*, 815 A.2d 598, 611 (Pa. 2002).  An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.  *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001),

*(Footnote Continued)* _____

conspiracy and accomplice liability as it relates to transferred intent.  (*See* Appellant's Answer in Opposition to *Finley* Brief, at 9-11).  However, this claim is waived because Appellant could have raised it on direct appeal but did not do so.  *See* 42 Pa.C.S.A. § 9544(b); (*see also Regustors*, *supra* at **1-2, *4, *9).

[5] In the first claim in the *Turner*/*Finley* brief, counsel also alleges that Appellant received ineffective assistance of PCRA counsel.  (*See Turner*/*Finley* Brief, at 6).  However, Appellant did not raise his concerns about PCRA counsel's stewardship in a response to the Rule 907 notice or in a serial PCRA petition.  Appellant raised the claims for the first time in his Pa.R.A.P. 1925(b) statement.  (*See* [Appellant's] 1925(b) Statement, 2/08/16, at unnumbered page 1).  This Court has held that claims of ineffective assistance of PCRA counsel must be raised either in a response to a Rule 907 notice or in a serial PCRA petition; they cannot be raised for the first time in a Rule 1925(b) statement or on appeal.  *See Commonwealth v. Ford*, 44 A.3d 1190, 1200-01 (Pa. Super. 2012).  Thus, we lack jurisdiction to hear Appellant's claim of ineffective assistance of PCRA counsel and, therefore, will not address it.

*abrogated on other grounds by* **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." **Jones**, **supra** at 611 (citation omitted).

In its first claim, the **Turner**/**Finley** brief contends that trial counsel was ineffective for failing to call eight allegedly exculpatory witnesses. (**See** **Turner**/**Finley** Brief, at 6). The PCRA court found Appellant had waived this claim, noting that it was undeveloped and Appellant failed to discuss how it met the second and third prongs of the **Strickland** test. (**See** PCRA Court Opinion, 3/11/16, at 6). We agree.

In order to show that trial counsel was ineffective in failing to present certain witnesses, Appellant must demonstrate

> the existence of and the availability of the witnesses, counsel's actual awareness, or duty to know, of the witnesses, the willingness and ability of the witnesses to cooperate and appear on the defendant's behalf and the necessity for the proposed testimony in order to avoid prejudice. Moreover, Appellant must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case.

**Commonwealth v. Gibson**, 951 A.2d 1110, 1133-1134 (Pa. 2008) (citations and quotation marks omitted). Appellant has not met this standard.

Appellant did not attach any affidavits or other documentation from the witnesses to either his PCRA petition or to his memorandum of law.[6] Further, Appellant did not provide any information regarding the substance of their proposed testimony. (*See* Petition for Post-Conviction Relief, 11/12/14, at unnumbered pages 4-6; Memorandum of Law, 11/12/14, at unnumbered pages 5-6). Appellant never states that trial counsel was aware of the existence of these witnesses. (*See id.*). Lastly, Appellant never explains how the testimony of these witnesses would have proved beneficial to his case. (*See id.*). Thus, Appellant failed to set forth in his PCRA petition the ineffectiveness analysis required by *Strickland*. *See Strickland*, *supra* at 687. Because Appellant did not establish any of the three prongs, we must deem counsel's assistance constitutionally effective. *See Commonwealth v. Rolan*, 964 A.2d 398, 406 (Pa. Super. 2008) (holding where appellant fails to address three prongs of ineffectiveness

_____

[6]In the *Turner/Finley* brief, counsel states that he attempted to investigate Appellant's contention regarding the eight witnesses; counsel was able to locate two of the witnesses and, in the brief, discusses their proposed testimony. (*See Turner/Finley* Brief, at 21-26). Counsel appended copies of the statements they gave to his investigator as well as the investigator's report to the brief. (*See id.* at Exhibits F, G, and J). However, these documents were not available to the PCRA court. Thus, they are not included in the certified record. This Court has consistently stated that copying material and attaching it to the brief does not make it a part of the certified record. *See First Union Nat. Bank v. F.A. Realty Investors Corp.*, 812 A.2d 719, 724 n.3 (Pa. Super. 2002); *In re M.T.*, 607 A.2d 271, 275 (Pa. Super. 1992). Therefore, as the documents are merely appended to the brief, we will not consider them.

test, he does not meet his burden of proving ineffective assistance of counsel, and counsel is deemed constitutionally effective). There is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on this basis.

The **Turner**/**Finley** brief also contends that counsel was ineffective for failing to call an expert witness to validate witness John Jones' claim that it was not his signature on his statement to the police. (**See Turner**/**Finley** Brief, at 6). We disagree.

"To establish ineffective assistance of counsel for the failure to present an expert witness, appellant must present facts establishing that counsel knew or should have known of the particular witness." **Commonwealth v. Millward**, 830 A.2d 991, 994 (Pa. Super. 2003), *appeal denied*, 848 A.2d 928 (Pa. 2004) (citation omitted). Further, "the defendant must articulate what evidence was available and identify the witness who was willing to offer such evidence." **Commonwealth v. Bryant**, 855 A.2d 726, 745 (Pa. 2004) (citations omitted). Appellant's PCRA petition and memorandum of law did not identify any witness willing to offer expert testimony. (**See** Petition for Post-Conviction Relief, 11/12/14, at unnumbered pages 4-6; Memorandum of Law, 11/12/14, at unnumbered pages 5-6). Therefore, his claim fails. **See Bryant**, **supra** at 745; **see also Commonwealth v. Gwynn**, 943 A.2d 940, 945 (Pa. 2008) (when defendant claims counsel was ineffective for failing to introduce expert testimony at trial he must articulate "what

evidence was available and identify a witness who was willing to offer such [evidence].") (citations omitted). There is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on this basis.

Further, the **Turner/Finley** brief maintains that trial counsel was ineffective for failing to obtain a videotape from Sampala Beer Distributor; failing to investigate forensic evidence with respect to a shell casing; and failing "to investigate whether disgraced homicide detective Ron Dove tampered with evidence." (**Turner/Finley** Brief, at 6) (unnecessary capitalization and emphasis omitted). However, Appellant's arguments in the PCRA court with respect to these claims suffer from the same fatal flaws as discussed above, because Appellant never explained the substance of these claims, never properly applied the **Strickland** test, and never explained how a proper investigation of these issues would have changed the result. (**See** Petition for Post-Conviction Relief, 11/12/14, at unnumbered pages 4-6; Memorandum of Law, 11/12/14, at unnumbered pages 5-6).

Our Supreme Court has stated that "[c]laims of ineffective assistance of counsel are not self-proving[.]" **Commonwealth v. Spotz**, 896 A.2d 1191, 1250 (Pa. 2006) (citations omitted). The Court has repeatedly refused to consider bald allegations of ineffectiveness, such as these. **See Commonwealth v. Thomas**, 744 A.2d 713, 716 (Pa. 2000) (declining to find counsel ineffective "where appellant fail[ed] to allege with specificity

sufficient facts in support of his claim."). Thus, because Appellant failed to argue his claims with sufficient specificity below, we agree with the PCRA court that Appellant waived these claims. (*See* PCRA Ct. Op., at 5-6). Appellant is not entitled to PCRA relief on these issues.

In the next claim, the *Turner*/*Finley* brief states that trial counsel was ineffective for failing to object to the admissibility of evidence pertaining to a shooting at 25th and Somerset Streets on August 27, 2010. (*See* *Turner*/*Finley* Brief, at 36-37). The PCRA court, *Turner*/*Finley* counsel, and the Commonwealth, all contend that this claim is factually incorrect as trial counsel "vigorously argued against the introduction of the evidence" at a January 5, 2012 motion hearing. (*Turner*/*Finley* Brief, at 37; *see also* PCRA Ct. Op., at 7; Commonwealth's Brief, at 11). The PCRA court and the Commonwealth agree that once counsel objected at the hearing, he was not required to renew the objection at trial. (*See* PCRA Ct. Op., at 7; Commonwealth's Brief, at 11). The PCRA court also notes that Appellant never raised the claim that the trial court erred in admitting this evidence on direct appeal and never argued that appellate counsel was ineffective for failing to raise the issue on direct appeal. (*See* PCRA Ct. Op., at 7 n.3). We find that Appellant waived the claim.

The certified record does not include the January 5, 2012 hearing transcript. We have reviewed the requests for transcript filed both on direct appeal and in the instant matter and could not locate any request that the

- 15 -

court reporter transcribe this hearing. (**See** Request for Transcript, 10/31/12, at unnumbered page 1; Notice of Appeal, 6/29/15, at unnumbered page 2). We have stated "[w]hen the appellant . . . fails to conform to the requirements of [Pa.R.A.P.] 1911 [(relating to transcript requests)], any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." **Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006), *appeal denied*, 916 A.2d 632 (Pa. 2007) (citation omitted). Further, it is the appellant's responsibility to make certain that the certified record contains all items necessary to ensure that this Court is able to review his claims. **See Commonwealth v. B.D.G.**, 959 A.2d 362, 372 (Pa. Super. 2008). An appellant's failure to ensure that the original record as certified for appeal contains sufficient documentation to enable the court to conduct a proper review constitutes a waiver of the issue sought to be reviewed on appeal. **See Growell v. Maietta**, 931 A.2d 667, 676 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1164 (Pa. 2008); **see also Smith v. Smith**, 637 A.2d 622, 623-24 (Pa. Super. 1993), *appeal denied*, 652 A.2d 1325 (Pa. 1993). Accordingly, we find Appellant's contention is waived.

The final claim in the **Turner**/**Finley** brief is that six errors by trial counsel cumulatively deprived him of an adequate defense at trial. (**See Turner**/**Finley** Brief, at 38). However, our Supreme Court has stated, "that no number of failed ineffectiveness claims may collectively warrant relief if

they fail to do so individually. . . . if multiple instances of deficient performance are found, the assessment of prejudice properly may be premised upon cumulation." ***Commonwealth v. Reid***, 99 A.3d 470, 520 (Pa. 2014) (citations and internal quotation marks omitted).

Here, the trial court found that none of the six individual ineffective assistance of counsel allegations merited relief because Appellant "did not provide any argument or analysis showing that the underlying claims were of arguable merit, that counsel's actions lacked any reasonable basis, or that the ineffectiveness of counsel caused [Appellant] prejudice." (PCRA Ct. Op., at 8) (citation omitted). We have reviewed Appellant's PCRA petition and accompanying memorandum of law and agree that, as discussed above, Appellant failed to apply the ***Strickland*** test or make any cognizable argument that counsel was ineffective. (***See*** Petition for Post-Conviction Relief, 11/12/14, at unnumbered pages 4-6; Memorandum of Law, 11/12/14, at unnumbered pages 11-13). There is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on this basis. ***See Reid***, ***supra*** at 520; ***Spotz***, ***supra*** at 1250.

In his *pro se* response, Appellant raises three claims of ineffective assistance of counsel. (***See*** Appellant's Answer in Opposition to ***Finley*** Brief, at 2, 6, 9). However, Appellant waived these claims because they were not raised in his PCRA petition. (***See*** Petition for Post-Conviction Relief, 11/12/14, at unnumbered pages 4-6).

It is long settled that issues not raised in a PCRA or amended PCRA petition are waived on appeal. *See Commonwealth v. Lauro*, 819 A.2d 100, 103 (Pa. Super. 2003), *appeal denied*, 830 A.2d 975 (Pa. 2003) (waiving five issues not in original or amended PCRA petition). Further, an appellant cannot raise a subject for the first time on appeal. *See Commonwealth v. Hanford*, 937 A.2d 1094, 1098 n.3 (Pa. Super. 2007), *appeal denied*, 956 A.2d 432 (Pa. 2008) (new legal theories cannot be raised for first time on appeal); Pa.R.A.P. 302(a). Accordingly, we find that Appellant waived all issues in his *pro se* response.

Appellant's issues are either waived or meritless. Further, this Court has conducted an independent review of the record as required by *Turner*/*Finley* and finds that no meritorious issues exist.

Motion to withdraw as counsel granted. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/2017

- 18 -