J-S66033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL D. FERGUSON, | |
| Appellant | No. 418 WDA 2017 |

Appeal from the PCRA Order February 2, 2017
in the Court of Common Pleas of Crawford County
Criminal Division at Nos.: CP-20-CR-0000761-2012
CP-20-CR-0000874-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL D. FERGUSON, | |
| Appellant | No. 419 WDA 2017 |

Appeal from the PCRA Order February 2, 2017
in the Court of Common Pleas of Crawford County
Criminal Division at Nos.: CP-20-CR-0000761-2012
CP-20-CR-0000874-2012

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:          **FILED JANUARY 09, 2018**

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant, Michael D. Ferguson, appeals from the order of February 2, 2017, which dismissed, without a hearing, his first counseled petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We take the underlying facts and procedural history in this matter from this Court's January 5, 2012 opinion on direct appeal, this Court's January 8, 2016 memorandum on direct appeal following resentencing, the PCRA court's November 29, 2016 memorandum and order, the PCRA court's February 2, 2017 order, and our independent review of the certified record.

[Appellant] appeals from the judgment of sentence imposed on him on February 24, 2015, following his conviction by jury on charges of simple assault[a] and [forty-two] counts of a variety of charges related to three shotgun robberies of saloons[, namely the Owl's Nest, Nate's Bar and Grill, and the Double D Bar. All the robberies took place in Crawford County in July 2012. Appellant's landlord, Harry Boyer, drove Appellant to the robberies].[b] Charges related to the armed robberies included conspiracy, robbery, theft and possession of a firearm.[c] [Appellant] received an aggregate sentence of [not less than thirty-four nor more than seventy-one] years' incarceration. . . .

[a] 18 Pa.C.S.[A.] § 2701(a)(1).

[b] This was a consolidated trial. The simple assault charges arose from an incident in jail when [Appellant] assaulted his co-conspirator [Harry Boyer], who had agreed to testify against [him].

[c] 18 Pa.C.S.[A.] §§ 903, 3701(a)(1)(ii), 3921(a), and 6105(a)(1), respectively. Because the specific charges are not at issue, we will not relate the entire list.

- 2 -

The procedural history of this matter is uncommon. After his conviction, [Appellant] filed a direct appeal claiming the simple assault charges should not have been tried with the robbery charges; the jury failed to properly deliberate, finding him guilty on all [forty-three] counts in slightly more than one hour; and the verdicts were against the weight of the evidence. A panel of our Court denied [Appellant] relief on the issues raised, but vacated the sentence and remanded for resentencing based upon *sua sponte* recognition that [Appellant's] sentence was illegal based upon the imposition of a mandatory minimum sentence in violation of **Alleyne v. United States**, 133 S.Ct. 2151 (2013). [(]**See Commonwealth v. Ferguson**, 107 A.3d 206 (Pa. Super. 2015)[)]. [Appellant] was resentenced on February 24, 2015, as noted above. Following imposition of the new sentence, [Appellant] filed a post-sentence motion claiming his sentence was excessive, counsel rendered ineffective assistance, and that he was entitled to a new trial based upon after discovered evidence. The trial court declined to address [Appellant's] claims of ineffective assistance of counsel, leaving such claims for a Post Conviction Relief Act petition and review. The trial court denied [Appellant] relief on his other claims. [Appellant] filed [a] timely appeal claiming the trial court erred in dismissing his claim for a new trial based upon newly discovered evidence.

(**Commonwealth v. Ferguson**, 2016 WL 104558, at *1 (Pa. Super. filed Jan. 8, 2016) (unpublished memorandum) (some footnotes omitted)).

On January 8, 2016, this Court affirmed Appellant's judgment of sentence. (**See id.** at *3). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On February 11, 2016, Appellant, acting *pro se*, filed a timely PCRA petition. The PCRA court subsequently appointed counsel. On June 10, 2016, appointed counsel filed an amended PCRA petition. On November 29,

2016, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1).[1] Appellant filed a response on December 19, 2016. On February 2, 2017, the court dismissed Appellant's PCRA petition.

On February 28, 2017, Appellant filed a timely notice of appeal. On March 21, 2017, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on April 11, 2017. *See id.* On April 13, 2017, the PCRA court issued an opinion referencing its November 29, 2016 and February 2, 2017 opinions. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following question for our review.[2]

1. Did the [PCRA c]ourt commit error by dismissing Appellant's [p]etition for [p]ost-[c]onviction [c]ollateral [r]elief finding that there were no genuine issues concerning any material fact as to Appellant's six allegations of ineffective assistance of counsel contained in said [p]etition?

_____

[1] There was apparently oral argument held on the PCRA petition. However, the date of that argument is not of record nor are there any transcripts from that argument. (*See* Commonwealth's Brief, at 11) (discussing statement made by PCRA counsel at argument).

[2] Despite raising one question in his statement of the questions involved, Appellant divides his argument into four distinct claims of ineffective assistance of counsel, contrary to our rules of appellate procedure. (*See* Appellant's Brief, at 8–17); *see also* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]"). Nonetheless, we will address his issues because this discrepancy does not hamper our review. *See Donahue v. Fed. Express Corp.*, 753 A.2d 238, 241 n.3 (Pa. Super. 2000).

(Appellant's Brief, at 4).[3]

Appellant appeals from the denial of his PCRA petition. Our standard of review is settled. We review the denial of a post-conviction petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **See Commonwealth v. Faulk**, 21 A.3d 1196, 1199 (Pa. Super. 2011). To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). **See** 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. **See** 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Further,

> . . . a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.

---

[3] While Appellant raised six claims of ineffective assistance of counsel in his amended PCRA petition, (**see** Amended Petition for Post-Conviction Collateral Relief, 6/10/16, at 4), he only raises four of those claims on appeal. (**See** Appellant's Brief, at 8-17).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

In the instant matter, Appellant raises four claims of ineffective assistance of trial counsel. He alleges that counsel failed to: (1) move to suppress a witness's pre-trial identification of Appellant; (2) investigate and obtain evidence regarding a plea offer made to Appellant's co-defendant, Harry Boyer; (3) move to suppress an allegedly defective search warrant; and (4) obtain expert enhancement of a surveillance video from the Owl's Nest robbery. (*See* Appellant's Brief, at 7).

To obtain relief under the PCRA on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009) (citing 42 Pa.C.S.A. § 9543(a)(2)(ii)). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective

upon a sufficient showing by the petitioner." ***Id.*** (citation omitted). This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***See id.*** at 533; ***see also Strickland v. Washington***, 466 U.S. 668, 687 (1984).

A finding of "prejudice" requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Strickland***, ***supra*** at 703 (citations omitted). In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether a petitioner met the first two prongs. ***See Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995), *cert. denied*, 516 U.S. 1121 (1996). "Counsel cannot be deemed ineffective for failing to pursue a meritless claim." ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004) (citation omitted).

In his first claim of ineffective assistance of counsel, Appellant argues that trial counsel was ineffective for failing to "seek suppression of a witness's pre-trial identification of [] Appellant[.]" (Appellant's Brief, at 9; ***see id.*** at 10-12). We find that Appellant waived this claim.

Appellant contends that, during his preliminary hearing, Commonwealth witness Ashley Kirkland, the bartender at the Owl's Nest, testified to an out-of-court identification of Appellant made after viewing a photo array shown to her by the investigating police officer. (*See id.* at 10). Appellant contends that this array was unduly suggestive because it only contained three photographs, all of Appellant. (*See id.*).

We have stated "[w]hen the appellant . . . fails to conform to the requirements of [Pa.R.A.P.] 1911[ relating to transcript requests], any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*), *appeal denied*, 916 A.2d 632 (Pa. 2007) (citation omitted). Further, it is the appellant's responsibility to make certain that the certified record contains all items necessary to ensure that this Court is able to review his claims. *See Commonwealth v. B.D.G.*, 959 A.2d 362, 372 (Pa. Super. 2008) (*en banc*). This Court has stated:

> It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case. It is also well-settled in this jurisdiction that it is Appellant's responsibility to supply this Court with a complete record for purposes of review. A failure by appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined.

*Commonwealth v. Martz*, 926 A.2d 514, 524-25 (Pa. Super. 2007), *appeal denied*, 940 A.2d 363 (Pa. 2008) (citations and quotation marks omitted).

An appellant's failure to ensure that the original record as certified for appeal contains sufficient documentation to enable this Court to conduct a proper review constitutes a waiver of the issues sought to be reviewed on appeal. *See Growall v. Maietta*, 931 A.2d 667, 676 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1164 (Pa. 2008); *see also Smith v. Smith*, 637 A.2d 622, 623-24 (Pa. Super. 1993), *appeal denied*, 652 A.2d 1325 (Pa. 1994).

In the instant matter, our review of the certified record demonstrates that the docket does not show the date of any preliminary hearing and there is no transcript of such a hearing or any photo array. Appellant attached to his amended PCRA petition two pages of testimony with respect to this issue. (*See* Amended Petition for Post-Conviction Collateral Relief, 6/10/16, at Exhibit C). Those pages are not dated, are not certified by a court reporter, and nothing identifies them as being from the preliminary hearing. (*See id.*). In his notice of appeal, Appellant did not seek transcription of the preliminary hearing transcript. (*See* Notice of Appeal, 2/28/17, at 1). Instead, he specifically certifies that "[t]he complete transcript has been lodged of record in this matter." (*Id.*). However, since the record contains neither the preliminary hearing transcript nor the objected-to photo array, we find that Appellant waived his first issue on appeal. *See Growell*, *supra* at 676.

Moreover, even if Appellant had provided the necessary transcript and exhibit, we would still find this issue waived because he fails to address the prejudice prong of **Strickland**. **See Strickland**, **supra** at 687. This defect renders Appellant's argument undeveloped.

Here, while Appellant discusses the basis for his contention that the allegedly impermissibly suggestive photo array tainted Ms. Kirkland's in-court identification of him, (**see** Appellant's Brief, at 11-12), he never explains how this identification prejudiced him in light of the overwhelming evidence of guilt at trial. Thus, Appellant has failed to set forth the ineffectiveness analysis required by **Strickland**. **See Strickland**, **supra** at 687. Because Appellant has not established this critical prong, we must deem counsel's assistance constitutionally effective. **See Commonwealth v. Rolan**, 964 A.2d 398, 406 (Pa. Super. 2008) (holding that where appellant fails to address each of three prongs of ineffectiveness test, he does not meet his burden of proving ineffective assistance of counsel, and counsel is deemed constitutionally effective). Thus, there is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on this basis.[4]

---

[4] Moreover, Appellant's claim is without merit. As the PCRA court discussed, this Court has held that even if an out-of-court identification is allegedly tainted, an in-court identification is still admissible if, under the totality of the circumstances, there was an independent basis for the identification. (**See** PCRA Court Opinion, 11/29/16, at 7-8); **see also Commonwealth v.**
*(Footnote Continued Next Page)*

Appellant's next claim of ineffective assistance of counsel is that trial counsel was ineffective "for fail[ing] to investigate and obtain evidence of a lenient plea offer made by the District Attorney to [Harry Boyer] who was the Commonwealth's primary witness."[5]  (Appellant's Brief, at 12; *see id.* at 12-14).  Appellant's claim is without merit.

Initially, we note that the only evidence Appellant has produced in support of this contention is an undated, nearly illegible newspaper article attached to his PCRA petition.  (*See* Amended Petition for Post-Conviction Collateral Relief, at Exhibit D).  To the extent that this Court can decipher the article, it states that Mr. Boyer told the reporter that the Commonwealth initially offered him a plea deal wherein it would waive the mandatory minimum sentence, but subsequently it withdrew the offer.  (*See id.*).  The article went on to state that both Mr. Boyer's counsel and the Commonwealth admitted to on-going plea negotiations, but denied that there was any specific offer.  (*See id.*).

---

*(Footnote Continued)*

*Kendricks*, 30 A.3d 499, 506 (Pa. Super. 2011), *appeal denied*, 46 A.3d 716 (Pa. 2012).  Our review of the record demonstrates that the PCRA court correctly found that there was an independent basis for Ms. Kirkland's in-court identification of Appellant.  (*See* PCRA Ct. Op., at 8; N.T. Trial, 9/09/13, at 37-40).

[5] To the extent that Appellant claims that the Commonwealth withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), (*see* Appellant's Brief, at 12-14), this contention is waived because Appellant could have raised this issue on direct appeal but did not.  *See* 42 Pa.C.S.A. § 9544(b).

In addition, in the amended PCRA petition, Appellant stated he intended to call Mr. Boyer's counsel as a witness at a potential PCRA hearing and that counsel would not support Mr. Boyer's statement regarding a lenient plea offer nor would he testify that the Commonwealth offered Mr. Boyer a plea bargain in exchange for his testimony at trial. (*See* Amended Petition for Post-Conviction Collateral Relief, at 13-14). The record does not reflect that Appellant planned to call Mr. Boyer as a witness at a potential PCRA hearing.[6]

Further, the record belies Appellant's contention that trial counsel was unaware that Mr. Boyer reached a plea agreement with the Commonwealth. Rather the record reflects that trial counsel sought to impeach Mr. Boyer's testimony by exploring the fact that initially, separate charges, namely three counts of criminal conspiracy, three counts of robbery, one count of criminal attempt, and two counts of theft, were filed against him and he ultimately

---

[6] It appears that the only witness that Appellant intended to call at a PCRA hearing to substantiate this contention was one Billie Jo Schmekel (who was the co-defendant's girlfriend). (*See* Amended Petition for Post-Conviction Collateral Relief, at 14; *See* PCRA Ct. Op., at 6 n.1). Appellant does not explain how Ms. Schmekel became aware of the alleged plea offer. (*See* Amended Petition for Post-Conviction Collateral Relief, at Exhibit 14; *see id.* at 12-14 (listing potential PCRA hearing witnesses)). Moreover, the trial court indicates that PCRA counsel admitted at oral argument that Ms. Schmekel was not returning his telephone calls and thus it was not readily apparent that she would testify at an evidentiary hearing. (*See* PCRA Ct. Op., at 6 n.1).

only pleaded guilty to only one count of conspiracy. (*See* N.T. Trial, 9/11/13, Part II, at 22).

In any event, Appellant has failed to show how trial counsel's alleged failure to investigate further the details of any alleged plea bargain between the Commonwealth and Mr. Boyer prejudiced him. Trial counsel engaged in a withering cross-examination of Mr. Boyer. (*See* N.T. Trial, 9/11/13, Part II, at 10-23). He specifically questioned Mr. Boyer about the dispute between them regarding rent money owed by Appellant; Mr. Boyer's unsuccessful attempt to evict Appellant; pending charges of insurance fraud against him; and that he had initially lied to the police about the extent of his involvement in the robberies; as well as his guilty plea to criminal conspiracy. (*See id.*).

Thus, there is simply no factual basis to support Appellant's contention that trial counsel was ineffective for failing to investigate further and obtain evidence of an allegedly lenient plea deal between the Commonwealth and Mr. Boyer. In addition, Appellant has failed to demonstrate prejudice. Therefore, there is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on this basis.

Appellant's third claim of ineffective assistance of counsel is that trial counsel was ineffective for failing to move to suppress evidence based upon an allegedly defective search warrant. (*See* Appellant's Brief, at 14-16). Specifically, Appellant contends that there was a discrepancy between the

application for a search warrant and the return of service and inventory after the search. (**See id.**). He complains that the district justice issued the warrant on August 4, 2012, at 6:01 a.m., and the time of the execution of the search warrant as listed on the return of service and inventory was August 4, 2012, at 6:01 a.m. (**See id.** at 15-16). However, Appellant has waived this issue.

Our Supreme Court has stated, "[c]laims of ineffective assistance of counsel are not self-proving[.]" **Commonwealth v. Spotz**, 896 A.2d 1191, 1250 (Pa. 2006) (citation omitted). Here, Appellant has failed to cite to any legal support for his contention that, what appears to be a scrivener's error on the return of service and inventory, would serve as a basis for suppression of the evidence obtained during the search.[7] (**See** Appellant's Brief, at 14-16; **see also** Amended Petition for Post-Conviction Collateral Relief, at Exhibits A and B; N.T. Trial, 9/11/13, Part II, at 117-20). Moreover, Appellant has failed to specify what evidence the police obtained during the search and how he was prejudiced by counsel's failure to move to suppress it. (**See** Appellant's Brief, at 14-16).

Our Supreme Court has repeatedly refused to consider bald allegations of ineffectiveness, such as this one. **See Commonwealth v. Thomas**, 744

---

[7] At trial, Pennsylvania State Trooper Alphonse James, Jr., testified that he was present when the magisterial district judge signed the search warrant, and that he subsequently executed it at Appellant's trailer. (**See** N.T. Trial, 9/11/13 pt. 2, at 117-20.

A.2d 713, 716 (Pa. 2000) (declining to find counsel ineffective "where appellant fail[ed] to allege with specificity sufficient facts in support of his claim."). Thus, because Appellant has failed to make sufficiently specific allegations of prejudice and failed to provide any legal argument in support of his claim, he has not shown that counsel was ineffective on this basis. *See Johnson*, *supra* at 532; *see also Travaglia*, *supra* at 357. Therefore, there is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on his third issue.

In his last claim of ineffective assistance of counsel, Appellant argues that counsel was ineffective for "fail[ing] to obtain expert video enhancement of surveillance video obtained at the Owl's Nest Bar." (Appellant's Brief, at 16) (unnecessary capitalization omitted). We disagree.

"To establish ineffective assistance of counsel for the failure to present an expert witness, appellant must present facts establishing that counsel knew or should have known of the particular witness." *Commonwealth v. Millward*, 830 A.2d 991, 994 (Pa. Super. 2003), *appeal denied*, 848 A.2d 928 (Pa. 2004) (citation omitted). Further, "the [appellant] must articulate what evidence was available and identify the witness who was willing to offer such evidence." *Commonwealth v. Bryant*, 855 A.2d 726, 745 (Pa. 2004) (citations omitted).

In his PCRA petition, Appellant admits that trial counsel did attempt to obtain expert enhancement of the video but was told that enhancement was

not possible. (**See** Amended Petition for Post-Conviction Collateral Relief, at 13). Appellant has not identified any expert witness willing to attempt to enhance the video. (**See id.**; **see** Appellant's Brief, at 16). Therefore, his claim fails. **See Bryant**, **supra** at 745; **see also Commonwealth v. Gwynn**, 943 A.2d 940, 945 (Pa. 2008) (when defendant claims counsel was ineffective for failing to introduce expert testimony at trial he must articulate "what evidence was available and identify a witness who was willing to offer such [evidence].") (citations omitted). There is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on this basis.

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Appellant's PCRA petition without a hearing.[8]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

_____

[8] To the extent that Appellant may be arguing that the PCRA court erred in dismissing his petition without an evidentiary hearing his claim is without merit. The Pennsylvania Rules of Criminal Procedure provide the PCRA court with the discretion to dismiss a PCRA petition without an evidentiary hearing if it is patently without merit. **See** Pa.R.Crim.P. 907. Because, as discussed above, his ineffective assistance of counsel claims lack merit, he is not entitled to an evidentiary hearing. **See Miller**, **supra** at 992.

Date: <u>1/9/2018</u>