J-S74017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMMANUAL YATES | |
| Appellant | No. 2020 EDA 2018 |

Appeal from the PCRA Order entered May 16, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0008091-2013

BEFORE:  LAZARUS, STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:　　　　　　　　**FILED FEBRUARY 08, 2019**

Appellant, Emmanuel Yates, appeals form the May 16, 2018 order

dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42

Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court recited the pertinent facts and procedural history.

On June 19, 2014, following a jury trial before the Honorable
Gregory M. Mallon, Appellant was found guilty of robbery, criminal
conspiracy to robbery, and possessing an instrument of crime.  He
was sentenced on August 13, 2014 to an aggregate term of
seventy-nine (79) to one hundred fifty-eight (158) months of
incarceration followed by ten (10) years' probation.  The day
before trial, defense counsel filed a 'Motion *in limine* for Correct
Information Regarding the Alleged Victim, Abdul Diara's
Immigration Status and Criminal History.'  The motion requested
the court to order the victim to submit to a fingerprint scan by the
Criminal Investigation Division of the District Attorney's Office to
establish his true identity.  The purpose of said request was to
establish if the victim had a criminal record for *crimen falsi* which
the defense could use at trial to challenge the victim's
truthfulness.　　During　pre-trial　investigation,　counsel　had

discovered there was a man with the same name as the victim, living in Philadelphia who had a criminal record and therefore requested a fingerprint scan of the victim to determine if the victim was who he purported to be or was in reality the other man in Philadelphia with a criminal record for *crimen falsi*. In the motion, defense counsel also recognized that the Commonwealth had provided defense counsel with the victim's full name, date of birth, address, social security number, and the fact that the victim did not have a criminal abstract.

The court held argument on the Motion on June 17 and June 18, 2014. The court accepted exhibits, including photographs of the two men, and heard argument. The court also questioned the victim, outside the presence of the jury about his date of birth, criminal history, and immigration status. The court initially agreed to fingerprint the victim, but after the victim testified under oath and after the court received enlarged photographs of both men, the court denied the request to fingerprint the victim.

PCRA Court Opinion, 8/13/2018, at 1-2.

On October 25, 2015, this Court affirmed the judgment of sentence. Appellant did not seek allowance of appeal in our Supreme Court. On October 11, 2016, he filed his timely first PCRA petition. Appointed counsel filed an amended petition on August 23, 2017 asserting that counsel was ineffective for failing to investigate the victim's identity and criminal history sooner than one day before trial. On April 18, 2018, the PCRA court issued its Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. On May 16, 2018, the PCRA court entered the order on appeal.

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations

supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015).

The sole issue before us is whether counsel was ineffective for failing to investigate the victim's identity sooner. To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must plead and prove that the underlying claim is of arguable merit; that counsel had no strategic basis for the disputed action or inaction; and that counsel's error prejudiced the petitioner. ***Reyes-Rodriguez***, 111 A.3d at 779-80. Counsel is presumed effective, and the petitioner bears the burden of proving otherwise. ***Id.***

Instantly, the record plainly reflects that the underlying issue lacks arguable merit, and that Appellant suffered no prejudice from counsel's failure to raise the issue sooner than one day before trial. The trial court conducted a hearing on the victim's identity and found that the victim has the same name as another individual living in the Philadelphia area. The other individual had a criminal history, but the victim did not. Since the victim had no criminal history, Appellant would have gained nothing had counsel raised the issue sooner than one day before trial. The PCRA court's opinion of August 13, 2018 explains the trial court's findings and the lack of merit in Appellant's argument. We affirm the order based on that opinion. In the event of any further proceedings, the parties shall attach a copy of the August 13, 2018 opinion to their filings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/8/19

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     NO.    8091-2013
                                  2020 EDA 2018

         V.

EMMANUEL YATES

### OPINION

Amoroso, J.                                         Filed;

Emmanuel Yates (hereinafter referred to as "Appellant") appeals from an order denying his Petition for Post-Conviction Collateral Relief. For the reasons provided below, the court submits that the decision of the trial court should be affirmed.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 19, 2014, following a jury trial before the Honorable Gregory M. Mallon[1], Appellant was found guilty of robbery, criminal conspiracy to robbery, and possessing an instrument of crime. He was sentenced on August 13, 2014 to an aggregate term of seventy-nine (79) to one hundred fifty-eight (158) months incarceration followed by ten (10) years' probation. The day before trial, defense counsel filed a "Motion in limine for Correct Information Regarding the Alleged Victim, Abdul Diarra's Immigration Status and Criminal History." The motion requested the Court to order the victim to submit to a fingerprint scan by the Criminal Investigation Division of the District Attorney's Office to establish his true identity. The purpose of said request was to establish if the victim had a criminal record for *crimen falsi* which the defense could use at trial to challenge the victim's truthfulness. During pre-trial investigation, counsel had discovered there was a man with the same name as the victim, living

---

[1] This matter was administratively transferred to the undersigned in January 2018 following Judge Mallon's transition out of the criminal division.

APPENDIX A

in Philadelphia who had a criminal record and therefore requested a fingerprint scan of the victim to determine if the victim was who he purported to be or was in reality the other man in Philadelphia with a criminal record for *crimen falsi*. In the motion, defense counsel also recognized that the Commonwealth had provided defense counsel with the victim's full name, date of birth, address, social security number, and the fact that the victim did not have a criminal abstract.

The court held argument on the Motion on June 17 and June 18, 2014. The court accepted exhibits, including photographs of the two men, and heard argument. The court also questioned the victim, outside the presence of the jury about his date of birth, criminal history, and immigration status. The court initially agreed to fingerprint the victim, but after the victim testified under oath and after the court received enlarged photographs of both men, the court denied the request to fingerprint the victim.

The matter proceeded to trial on June 18 and June 19, 2014. The jury convicted the Appellant of Robbery, Conspiracy, and Possessing an Instrument of Crime. The jury also found that Appellant visibly possessed a firearm. The Honorable Gregory M. Mallon sentenced Appellant on August 13, 2014 to an aggregate term of seventy-nine (79) to one hundred fifty-eight (158) months incarceration followed by ten (10) years probation.

Appellant filed a timely Motion for Reconsideration of Sentence on August 22, 2014. The court held a hearing on said motion on September 26, 2014 and ultimately denied the motion by order entered on September 30, 2014. Appellant filed a timely appeal from the judgment of sentence. The Superior Court of Pennsylvania affirmed the judgment of sentence by Memorandum Opinion issued October 25, 2015. Appellant did not file a Petition for Allowance of Appeal.

On October 11, 2016, Appellant filed a *pro se* Petition for Post-Conviction Collateral Relief (hereinafter "PCRA"). The court appointed attorney Scott Galloway, Esquire as PCRA counsel for Appellant. On August 23, 2017, PCRA counsel filed an Amended PCRA petition alleging trial counsel was ineffective in failing to investigate the true identity of the victim prior to the commencement of trial. The court issued a Rule on the Commonwealth to respond to the Amended PCRA, which response was filed on January 22, 2018. Following review of the petitions, the Commonwealth's response, and following independent review of the record, on April 18, 2018, the court issued its Notice of Intent to Dismiss without a Hearing in Twenty Days. Appellant did not file a response. On May 16, 2018, the court issued an order dismissing Appellant's PCRA.

This timely appeal was filed on June 13, 2018. The court issued an order requiring a 1925 Statement of Matters Complained of on Appeal which was filed on July 9, 2018. The Statement raises one issue for review: Whether or not the trial court was in error in dismissing Appellant's PCRA.

## II. STANDARD OF REVIEW

In reviewing the propriety of a PCRA court's dismissal of a PCRA petition, the reviewing court is limited to a determination as to whether the record supports the PCRA court's findings and whether the order in question is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Spencer*, 892 A.2d 840, 841 (Pa. Super. 2006).

## III. DISCUSSION

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) To obtain relief on a claim for ineffective assistance of counsel, a Appellant must establish: "(1) that there is merit to the underlying claim; (2) that counsel had no reasonable basis for his or her course of conduct; and (3) that there is a reasonable probability that, but for the act or omission challenged, the outcome of the proceeding would have been different." *Commonwealth v. Halloway*, 739 A.2d 1039, 1044 (Pa. 1999) Furthermore, our Courts focus on "the reliability of the verdict rather than the quality of counsel's performance." *Commonwealth v. Pierce*, 527 A.2d 973, 975 (1987) "Since our test requires that we examine the approach employed by trial counsel in light of the available alternatives, a finding of ineffectiveness could never be made unless we concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized." *Id.* at 976 An allegation of ineffectiveness cannot be established without a finding of prejudice (but for the act or omission challenged, the outcome of the proceedings would have been different). *Commonwealth v. March*, 598 A.2d 961 (1991) Counsel cannot be deemed ineffective for failing to raise baseless or meritless issues. *Commonwealth v. Hutchinson*, 556 A.2d 370 (Pa. 1989)

Appellant alleges that trial counsel was ineffective in failing to investigate sooner the identity of the victim which would have led him to explore whether or not the victim had a criminal history. There is no merit to this claim. Trial counsel did investigate the victim's identity and did so with great zeal. Counsel filed his Motion in limine seeking to have the victim fingerprinted for identification despite having the victim's full name, address, date of birth, and

social security number. The trial court, swayed by the zealous argument of defense counsel, held a hearing allowing counsel to present evidence as to why the fingerprinting was necessary despite the Commonwealth's representations that the victim's identity was correct. At the hearing, the Commonwealth submitted into evidence CPIN photographs of the victim as well as photographs of the person with the same name in Philadelphia. (N.T., 6/17/14, pp.13-15; N.T., 6/18/14, p.3) The photographs clearly depicted two different men. Trial counsel then argued that without any "proof" of the victim's true identity it could not be ruled out that the victim, whose immigration status was questioned, could have obtained a fake social security number. The court agreed to fingerprint the victim the next day prior to the start of trial. The Commonwealth objected. The Court decided to question the victim under oath outside the presence of the jury in lieu of fingerprinting, especially since the court became aware that the victim's fingerprints would like stay in the Automated Fingerprint Identification System (AFIS). The next day, prior to beginning trial, the Commonwealth informed the court that the victim had been born outside the United States, but later became a U.S. citizen. (N.T. 6/18/14, pp.6-7) The court questioned the victim under oath who explained that he had never been convicted of a crime and he had never used a name other than his. (N.T., 6/18/14, p.9)

It is clear from the record that trial counsel did investigate the identity of the victim and although the motion regarding identity was not presented to the court prior to the day before trial, counsel did investigate thoroughly the identity of the victim prior to filing the motion (N.T., 6/17/14, p.8) and through the information deduced from the hearing on the motion.

Furthermore, Appellant has not established that trial counsel had no reasonable basis for his actions. As was discussed above, "a finding of ineffectiveness could never be made unless we concluded that the alternatives not chosen offered a potential for success substantially greater

than the tactics actually utilized." *Commonwealth v. Pierce*, 527 A.2d 973, 976 (1987) Appellant did not offer an alternative strategy that counsel could have followed. Assuming *arguendo* that the alternative strategy was for counsel to have investigated the identity at a sooner date, it is not clear that this would have offered a potential for success greater than the tactic which was employed, the filing of the motion in limine. It seems likely that even if trial counsel had filed a motion earlier in the case, the court would have conducted the same sort of analysis with the same outcome.

Appellant has failed to show prejudice. The photographs of the two men made it abundantly clear to the Court that there were two men with the same name. If defense counsel had filed earlier, that would have been clear earlier. That it could, or would have changed the strategy or outcome is wholly without merit. In essence, it would seem that the defendant is suggesting that the victim presented by the Commonwealth was an imposter, that the true victim was the person with the same name who had a criminal record. Such a suggestion is not only ridiculous but without any basis. To suggest that the true victim was the person of same name who had a criminal record but for some reason chose to hide his identify and get someone else with his name to appear for the Commonwealth stretches the bounds of even the most modest application of common sense.

## IV. CONCLUSION

For these reasons, it is respectfully submitted that the court's order denying PCRA relief should be affirmed.

BY THE COURT:

MARGARET J. AMOROSO, JUDGE

Page 6 of 6